RICHARD BREWER v. WINFIELD S. MULLINS.

[52 South. 257.]

WITNESSES. *Unimpeached. Testimony laudatory of. Truth and veracity. Harmless error, when not.*

Testimony laudatory of the character of a witness for truth and veracity is not admissible where the witness has not been assailed, and error in its admission cannot be adjudged harmless where the evidence on the real issue in the case was so evenly balanced that it may have influenced the verdict.

FROM the circuit court of Noxubee county.

HON. JOHN L. BUCKLEY, Judge.

Brewer, appellant, was plaintiff in the court below; Mullins, appellee, became defendant there by intervention. From a judg-

ment in defendant's favor plaintiff appealed to the supreme court.   The facts as stated by ANDERSON, J., are as follows:—

"This is a replevin suit for a mule, brought by the appellant, R. Brewer, Sr., against Cunningham Bros., who disclaimed any title.   The appellee, W. S. Mullins, who it seems got possession of the mule after the writ of replevin had been sued out, was admitted to defend.   The suit proceeded as if it had been originally brought against Mullins.   There was a verdict and judgment for Mullins, from which Brewer prosecutes this appeal.

"A great deal of testimony was taken on both sides.   Both of the parties to the suit, Brewer and Mullins, testified; each claiming that he had lost a mule and positively identifying the one in question as the one lost.   Each was supported in his contention by witnesses to the same effect.   It appears from the record that the question of fact as to the ownership of the mule involved was a close one.   J. P. Smith was introduced as a witness by Brewer.   On cross-examination by the attorney for Mullins he was asked, over the objection of Brewer's attorney, whether Mullins was a truthful man, to which he answered that he was; that he was as truthful a man as there was in the country.   The only assignment of error is that the court should not have permitted this testimony, because of the fact that no testimony had been offered by Brewer impeaching the character of Mullins for truth and veracity."

*J. E. Rives,* for appellant.

*H. H. Brooks, Jr.,* for appellee.

ANDERSON, J., after stating the facts as above, delivered the opinion of the court.

The court erred in permitting testimony to uphold the character of the witness Mullins for truth and veracity, when it had

not been directly assailed. It was not an issue before the jury, and could not be made one, except by his adversary attacking it in the manner laid down by law. The issue of fact before the jury seems to have been about evenly balanced. Under these circumstances, such testimony probably had influential weight with the jury.

*Reversed and remanded.*