## McEWEN *v.* STATE.

[96 South. 690.   No. 23273.]

1. INDICTMENT AND INFORMATION. *Duty of court where indictment in separate counts charges two distinct felonies, differing both in elements and punishment, stated.*

   If an indictment in separate counts charges two distinct felonies, differing both in their elements and their punishments, on timely objection the trial court should, in its discretion, (a) sustain a demurrer to the whole indictment; (b) sustain a demurrer to any count thereof; (c) order separate trials on the counts; or (d) compel the prosecutor to elect upon which count he will ask a verdict.

2. WITNESSES. *Testimony that witnesses' reputation for truth and veracity good inadmissible, where such reputation not assailed.*

   Testimony that the reputation of a witness for truth and veracity is good is inadmissible, where the reputation of the witness therefor has not been assailed.

APPEAL from circuit court of Pike county.

HON. D. M. MILLER, Judge.

Sidney McEwen was convicted of statutory rape, and he appeals. Reversed and remanded.

*Price & Price,* for appellant.

The defendant demurred to the indictment. The demurrer was overruled. The defendant then moved that the state be required to elect upon which count in the indictment it would proceed to put the defendant to trial, and that motion was overruled and the defendant was forced to trial upon an indictment charging distinct and separate offenses in the separate counts, carrying each different and distinct penalties with different and antagonistic rules of evidence governing the defense in each count. When all the evidence was in, the defendant renewed his motion to require the state to elect, and it was overruled.

In *Freeman* v. *The State,* 90 Miss. 315, the indictment charged the defendant with unlawfully setting fire to and burning a 'barn and about seventy-five bushels of corn being the property of J. L. Swain, and the court in deciding the case, following the general rule, said: "An indictment which charges two distinct offenses, punishable by different terms of imprisonment in the same count is demurrable." *Walker* v. *State,* 41 So. 8; *State* v. *Reeves,* 76 Miss. 435.

In *Breeland* v. *The State,* 79 Miss. 527, the court says: "That the Act of 1899, making it a felony for a person by threats of injury, to intimidate another into changing or abandoning his home or employment, creates two different and distinct offenses, and it is not permissible to charge them both in the same count of the indictment."

In *The State* v. *Walker,* 88 Miss. 592, the court held that a count in the indictment which charges the receipts of deposits from divers persons without informing such persons and depositors of the insolvent condition of the bank, is double, as is likewise a count that charges that deposits were received from several persons named, without giving the names.

In *The State* v. *Brown,* 28 So. 752, the indictment charged the defendant did put in the ballot box and permitted to be put in the ballot box, certain ballots not given by the voter at the election and did destroy and change certain ballots given him by the elector, rendered the indictment faulty for duplicity. The two felonies charged in the indictment are not felonies in the same degree, as decided in 13 Smedes & Marshall, page 468, but whatever may be the rule of duplicity or offenses charged in the same count, it is the fixed rule in this state that different counts in the same indictment for independent and different offenses shall not be joined in the same indictment." The same rule that condemns two different charges in the same count, likewise and for the same reason condemns two different and distinct crimes in different counts. *Cannon* v. *State,* 75 Miss. 364; *Reeves* v. *State,* 76 Miss. 435.

The settled rule in this state is: That it is bad practice to join in the same indictment counts for distinct felonies in different degrees with different punishments, and if that be done, the court may, on timely objection, quash the indictment. The court there exercised its discretion by sustaining the demurrer. To hold that it erred, would be now to declare that good practice which has always been condemned as bad. *Burges* v. *The State,* 81 Miss. 482.

We insist that it will be hard to conceive a case where one put on trial for his life, his liberty or his property could have been more seriously prejudiced than the defendant in the trial of this cause. *State* v. *Burges,* 81 Miss. 482; *State* v. *Reeves,* 76 Miss. 435; *Strawhern & Grizzle* v. *State,* 37 Miss. 422; *Anna Kate Whitfield* v. *City of Meridian,* 66 Miss. 572; *T. J. Bailey* v. *State,* 67 Miss. 332; *William Naul* v. *McComb City,* 70 Miss. 699.

What shall be the rule? Shall one suffer so great an injustice then answer for it by cloaking it under the court's discretion? The motion to elect was timely made. 68 Miss. 371; 54 Miss. 657; 81 Miss. 482.

On the improper admission of evidence—We now come to a point in this case that we think should reverse it regardless of every other question raised in the record. After the defendant had rested, the state, in rebuttal, was allowed over the defendant's objection, to introduce twenty witnesses to testify to the reputation for chastity of the prosecutrix. We feel like this exceeded the right of the state upon a question so seriously involved in the trial and was introduced for the sole purpose of influencing the jury and leading them to believe that the county at large was against the defendant. This was using the whole power of the state to oppress the weak. But this is not all, the state went much further, and over the defendant's objection and in rebuttal placed fourteen witnesses on the stand, page 41, of the record, to prove that the reputation of the prosecutrix for truth and veracity was good, and too, when the reputation for truth and veracity had never been questioned under the law.

In *Woods* v. *State*, 90 Miss. 245, the defendant was charged with assault and battery with intent to kill. The star witness for the state was Edwards. Edwards evidently showed marks of impropriety and reflected doubt upon the main issue. At this stage of the state's case the district attorney was allowed to bolster up the state's case by showing that witness Edwards had good character. Judge CALHOON, speaking for the court said: "It was highly improper for the state to show good character of Edwards when no attack was made upon it." If the proof of good character, of itself may create a reasonable doubt which may be acted upon, as held in *Lewis* v. *State*, 93 Miss. 697, when offered in the interest of the defendant, then proof of good character of the state's main witness must be of unwarranted power against the defendant and would likely remove that reasonable doubt of guilt and no one could doubt that this evidence was highly prejudicial and we think, controlled the verdict in this case. 97 Miss. 353. See 112 Ill. 263.

Mr. Wigmore, in his valuable work on evidence says in section 1109: "No court favoring admission seems to have attempted to reasoned justification of its policy and the great majority of jurisdictions agree in excluding such evidence. 15 A. S. R. 1065; *Bell* v. *State*, 27 So. 414.

We submit further, that with two separate and distinct cases being tried at the same time, with separate and distinct instructions, with different lines of evidence, the jury was confused and left no guide and the defendant was greatly prejudiced in his rights, and should be granted a new trial.

*S. C. Broome*, Special Assistant Attorney-General, for the state.

Section 1904, Hemingway's Code, is as follows: "In the trial of all cases under section 1, of this act, it shall be presumed that the female was previously of chaste character, and the burden shall be upon the defendant to show that she was not; but no person shall be convicted upon the uncorroborated testimony of the injured female."

We construe this to mean that the injured female shall be corroborated as to every material element entering into the crime as charged in section 1903, of Hemingway's Code. One of the essential elements in section 1093 is previous chaste character. It is therefore impossible for the defendant in any case of statutory rape, where the previous chastity of the female is questioned, to avoid bringing in the reputation of the injured female for truth and veracity. The language of the statute makes this unavoidable, because it specifically said that the uncorroborated testimony of an injured female is insufficient. Therefore by inference, the statute says that the testimony of the injured female with reference to her previous chastity must be "bolstered up." Therefore a case of this kind is not within the general rule with reference to the introduction of testimony to prove the reputation of witness for truth and veracity. The statute itself has impeached her, and it is unnecessary to proceed in the usual way in this case. But aside from this the general rule is as follows:

"Although it may be improper to admit evidence of the good reputation of the witness for truth and veracity where he has not been impeached, the question may arise whether the error is prejudicial, especially in view of the fact that the evidence merely aids a presumption which would arise in any event. And in some cases it has been held that the error would not constitute grounds for reversal. *Green* v. *State* (1889), —Tex. App. —, 12 S. W. 872; *Wells F. & Co.* v. *Benjamin* (1914), — Tex. App. —, 165 S. W. 120; *Harris* v. *State* (1906), 49 Tex. Crim. Rep. 338, 94 S. W. 227; 15 A. L. R. 1075.

The rule in Mississippi seems to be that in a close case of facts it may constitute grounds for reversal. See *Brewer* v. *Mullins,* 97 Miss. 353, 52 So. 257.

So we say that the real test is not, was it error but was it prejudicial error to such an extent as should constitute grounds for reversal. That is the real test, and in the present case every essential element of the second count of the indictment was substantiated without the necessity of considering the testimony of the prosecutrix at all.

In other words, she need not have testified and you would have the testimony of the young man on the road that heard her cries of distress.  You would have the testimony corroborated by the old gentleman who lived on the road who heard her cries of distress; you would have her mother's testimony as to her condition; you would have the testimony of two physicians as to her physical condition and you would have the testimony of the witnesses in rebuttal as to her reputation for chastity in the community in which she resided, and that testimony was material and proper, because the defendant had first attempted to show that she was not of previous chaste character.  So we say that even though she was dead, the verdict of the jury must nevertheless stand and this case must be affirmed, because after all it is a crime against the state and not a civil suit between the defendant and the prosecutrix in this case.

We therefore earnestly submit that this case should be affirmed.

Smith, C. J., delivered the opinion of the court.

This is an appeal from a conviction of statutory rape, as defined by chapter 171, Laws of 1914 (Hemingway's Code, section 1093).  The indictment contains two counts: The first was drawn under section 1358, Code of 1906 (Hemingway's Code, section 1092), and charges that the prosecutrix was forcibly ravished by the appellant.  The second was drawn under chapter 171, Laws 1914 (Hemingway's Code, section 1093), which provides:

"That any male person who shall have carnal knowledge of any unmarried female person of previously chaste character younger than himself, and over twelve and under eighteen years of age, upon conviction, shall be punished either by a fine not exceeding five hundred dollars ($500), or by imprisonment in the county jail not longer than six months, or by both such fine and imprisonment or by imprisonment in the penitentiary not exceeding five years."

The punishment provided by the first-named statute for a rape accomplished by force is death, unless the jury shall fix the punishment at imprisonment in the penitentiary for life.

A demurrer to this indictment complained of the joinder of the two offenses in the one indictment, and was overruled, as was also a motion by the appellant that the state be required to elect on which count he should be tried.

The two felonies charged in the indictment differ materially, both in their elements and their punishments, and consequently the court below should either have sustained the demurrer to the indictment in whole or to one count, or have compelled the state to elect on which count the appellant should be tried. *State* v. *Rees,* 76 Miss. 435, 22 So. 829.

The previous chastity of the prosecutrix was attacked by the appellant by the testimony of himself and another that each of them had previously had sexual intercourse with her on several occasions. The only testimony in denial of this was that of the prosecutrix herself. In order to bolster up the testimony of the prosecutrix and thereby induce the jury to believe her in preference to the appellant and his witness, the state was allowed to prove by a large number of witnesses that the prosecutrix bore a good reputation for truth and veracity. Her reputation therefor had not been attacked, was therefore not in issue, the evidence relative thereto was consequently not admissible, and was manifestly prejudicial to the appellant. *Brewer* v. *Mullins,* 97 Miss. 353, 52 So. 257.

*Reversed and remanded.*