## WALTER GOSE v. STATE.

No. A-5243. Opinion Filed Nov. 6, 1925.
(240 Pac. 1082.)

L. F. Robertson, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charges that in Woodward county, February 9, 1924, Walter Gose did "sell one quart of whisky to one Bert Tilford." On the trial the jury returned a verdict finding the defendant guilty and leaving his punishment to the court. March 12, 1924, he was sentenced to pay a fine of $200 and to be confined in the county jail for 50 days. To reverse the judgment he prosecutes this appeal.

Bert Tilford testified that the defendant, Walter Gose, came into his barber shop in Mooreland about 10 o'clock, and asked him if he wanted some liquor, and he asked him if it was right handy, and Gose said that it was just outside of town; "that we will walk out there," and said, " 'Get a bottle and walk to the railroad track,' and he would meet me;" that he got a bottle, washed it out, went down Main

street, and there both went out east of town between a quarter and a half mile, and there he got a quart of liquor from the defendant; that they came back to town and witness went home, and the next Monday he brought the bottle to the shop, and set it down in the back room, and took a drink or two, and that after that three young girls came in and smelt the liquor on his breath when he was shaving their necks, and they asked him where he got the liquor, and he told them in the other room, and they went in the other room where the liquor was and sampled it; that that was the next Friday after the defendant was in the shop; that he was arrested and pleaded guilty to giving the girls liquor.

The defendant as a witness in his own behalf testified:

"I am a farmer; own my farm three miles south and two west of Cedardale; and usually trade with Miller Bros., Mooreland. On the Saturday evening I went into Tilford's barber shop and got a shave after that I put on my coat and tie, and paid him for the shave, and he asked me if I wanted a drink of liquor; that he was going to close up the shop, and if I would go with him we would get a drink of whisky. He closed up, and I started east, meeting Jack Hill, and he went with us; we went east about half a mile, he got a jug out from under a culvert, and filled two quart bottles of whisky, and set the jug back;" that he just gave them a drink; that they did not buy any from him; that that was the only time he had drank liquor in several years that he remembers.

Jack Hill testified that he lived four or five miles from the defendant, went to town with him and his brother, and met him coming from the barber shop, and asked if he was about ready to go home. "He wanted to know if I would like a drink, and this man Tilford came along, and we went with him, and he got a jug of whisky out from under a railroad culvert, and we all took a drink and went back to town with him."

On cross-examination he stated that that was the only

drink of whisky that he had taken in three or four years.

In rebuttal, the state called three witnesses, and each testified that he knew the general reputation of the witness Bert Tilford for truth and veracity, and that it was good.

The errors assigned are that the verdict is not sustained by the evidence, and that the court erred in admitting incompetent evidence.

It is the duty of a court of last resort to see to it that a person charged with crime is accorded a fair trial. In this case the state relied for a conviction upon the testimony of the witness Tilford, who at the time was serving a sentence in the county jail on a plea of guilty to a charge of misdemeanor, when the admitted facts show that he gave whisky to minors, which the statute (section 7004, C. S. 1921) condemns as a felony, and to bolster up his testimony the state in rebuttal was permitted to show by several witnesses that his general reputation for truth and veracity was good.

In the case of Kirby v. State, 25 Okla. Cr. 330, 220 P. 74, 33 A. L. R. 1212, we held that in a criminal trial the mere fact that a witness' testimony is contradicted by adverse testimony does not warrant the introduction of evidence as to his reputation for truth and veracity.

In McEwen v. State, 132 Miss. 338, 96 So. 690, it was held that erroneous admission of testimony of the good reputation for truth and veracity of the prosecuting witness, who had not been impeached, constituted reversible error.

Upon the merits of the case we are satisfied that the evidence is insufficient to support the verdict.

For the reasons indicated, the judgment of the lower court is reversed.

BESSEY, P. J., and EDWARDS, J., concur.