ROY NOBLE LEE, Justice,
dissenting:
I think the lower court erred in permitting testimony as to the prosecutrix’s reputation in the community for truth and veracity, and, therefore, I dissent from the majority opinion which holds that the lower court did not err in admitting such testimony.
Appellant Larry Pickett and Ray Charles Jackson were separately indicted for the forcible rape of Ruby Marie Hood, a 19-year-old female. Appellant’s trial was held beginning April 3, 1981, which resulted in his conviction. Jackson’s trial was held April 9, 1981, and he was convicted likewise. Pickett did not testify at his trial, but Jackson was called as a witness and voluntarily testified in Pickett’s behalf.
The prosecutrix contended that she was forcibly abducted and raped by Pickett and Jackson, while Jackson’s testimony was to the effect that she voluntarily accompanied them from the Bird Cage Lounge to the Camellian Motel where she voluntarily entered into sexual acts with them and was paid for her services. There is a sharp conflict in the testimony of the prosecutrix and Jackson upon which testimony the respective sides depended for their cases.
The following facts are uncontradicted in the record:[1]
1. Pickett, Jackson and the prosecutrix got into an automobile outside the Bird Cage Lounge in a public place.
2. They went to the Camellian Motel, a public place, left the vehicle, and entered a room in the motel.
3. The prosecutrix disrobed.
4. Pickett, Jackson and at least one other person engaged in sexual acts with the prosecutrix during the evening.
When Jackson testified, he denied that force, threats, or violence were used against the prosecutrix. He stated that she voluntarily entered into the sex acts with him, Pickett and another individual. On cross-examination of Jackson, the prosecuting attorney asked questions and received responses as follows:
BY MR. STARRETT:
Q. And Ruby Marie Hood, you know, has made charges against Larry Pickett for rape?
A. She made some of them against me as well.
Q. You and Larry Pickett for rape?
A. Right.
Q. And you’re telling this Jury, and it’s as true as everything else you’ve said, that she’s lying?
A. Damn right she's lying.
Q. Damn right she’s lying?
A. That’s right.
It is obvious that the prosecuting attorney had set a trap for the witness. If Jackson had denied the prosecuting witness was lying, he would have been admitting that Pickett and he forcibly raped her. In all of his testimony previous to that question, he had denied that they raped her and he simply answered the prosecuting attorney’s question in the affirmative and emphatically so.
The dissenting opinion characterizes the testimony of Jackson as an affirmative charge that the prosecuting witness was lying and that it constituted a direct attack on the character of the prosecutrix. If such were true, every denial by a witness of another witness’s testimony would amount to a character attack.
On the basis of Jackson’s answer to the prosecuting attorney’s question, the lower court permitted the State, over objection, to introduce two ministers whose testimony obviously was for the sole purpose of bolstering the testimony of the prosecutrix.
Reverend Herman Abraham testified as follows:
Q. Are you familiar with her reputation for truth and veracity in the community?
*805 A. I would say I am.
BY MR. FELDER:
We object to this line of questioning of this witness.
BY THE COURT:
All right. What’s your objection?
BY MR. FELDER:
It’s an attempt to bolster testimony of the witness on the part of the State. It’s inadmissible.
BY THE COURT:
Do you have any other objections? BY MR. BRABHAM:
No, sir.
BY THE COURT:
Let it be overruled.
BY MR. BRABHAM:
We also object on the ground that it is not proper rebuttal, Your Honor.
BY THE COURT:
Overruled.
BY MR. STARRETT:
Q. What is her reputation for truth and veracity?
A. She is a find [sic] young lady as far as I know. I know nothing of her— Reverend J.M. Varnado testified as follows:
Q. Do you know Ruby Marie Hood?
A. Yes, I do.
Q. How long have you known Ruby Marie Hood?
A. Just about all her life.
Q. Are you familiar with her reputation for truth and veracity in the community?
BY MR. FELDER:
We object. Your Honor. The same objection. It is not proper rebuttal and is an attempt to bolster the testimony of the witness.
BY THE COURT:
I overrule the objection.
BY MR. STARRETT:
Q. The Court says you may answer?
A. Yes, she have a good reputation. I know because I am her pastor. I know her as a church member and she is a regular attendant at church.
In my opinion, the rebuttal testimony of the ministers was irregular, inadmissible, highly prejudicial, and constitutes reversible error.
In McEwen v. State, 132 Miss. 338, 96 So. 690 (1923), a similar question was presented in a forcible rape trial, and this Court said the following:
The previous chastity of the prosecu-trix was attacked by the appellant by the testimony of himself and another that each of them had previously had sexual intercourse with her on several occasions. The only testimony in denial of this was that of the prosecutrix herself. In order to bolster up the testimony of the prosecutrix and thereby induce the jury to believe her in preference to the appellant and his witness, the state was allowed to prove by a large number of witnesses that the prosecutrix bore a good reputation for truth and veracity. Her reputation therefor had not been attacked, was therefore not in issue, the evidence relative thereto was consequently not admissible, and was manifestly prejudicial to the appellant. Brewer v. Mullins, 97 Miss. 353, 52 So. 257. [132 Miss. at 344, 96 So. at 691].
In Tiner v. State, 214 Miss. 551, 59 So.2d 287 (1952), the Court considered an error which was not objected to on the trial where rebuttal testimony as to the truth and veracity of a witness was offered when the witness’s reputation had not been previously attacked just as in the present case. The Court said:
The appellant’s attorney also assigns as error the action of the court in permitting the State to prove the general reputation of Wardlaw for honesty and integrity. But no objection was made to that testimony what it was offered. It is only in exceptional cases that this Court will consider assignments of error based upon the admission of testimony which was not objected to at the time it was offered. However, in view of the fact that the same testimony may be offered on a new trial, we do say here that the court should not have permitted the *806 State to prove in rebuttal Wardlaw’s general reputation for honesty and integrity under the facts shown by the record. The defendant had not put Wardlaw’s reputation in issue. The defendant had merely denied that the alteration in the check had been made prior to the time that he delivered the check to Wardlaw. The main question of fact which the jury had to decide was whether the defendant or Wardlaw had told the truth about the check. And under these circumstances it was highly prejudicial to the defendant to permit the State to bolster Wardlaw’s testimony by having the sheriff testify as to his reputation for honesty and integrity. The exact question that we have before us here was passed upon by the Court in the case of Brewer v. Mullins, 97 Miss. 353, 52 So. 257, and in the case of McEwen v. State, 132 Miss. 338, 96 So. 690.
For the reason stated above, the judgment of the lower court is reversed and the cause remanded for a new trial. [214 Miss. at 556, 59 So.2d at 289].
In Brewer v. Mullins, 97 Miss. 353, 52 So. 257 (1910), which was a replevin suit involving the possession of a mule, the testimony was in sharp conflict, as in the case sub judice. On cross-examination by the attorney for Mullins, the latter was asked, over objection, whether Mullins was a truthful man, to which he answered that he was. In reversing the case, the Court said:
The court erred in permitting testimony to uphold the character of the witness Mullins for truth and veracity, when it had not been directly assailed. It was not an issue before the jury, and could not be made one, except by his adversary attacking it in the manner laid down by law. The issue of the fact before the jury seems to have been about evenly balanced. Under these circumstances, such testimony probably had ihfluential weight with the jury. [97 Miss. at 353, 52 So. at 257].
The legal principle now before the Court has been long established and well recognized. It remains the law today. The violation and disregard of that principle should require reversal of the conviction and judgment entered here.
Therefore, I would sustain the petition for rehearing, withdraw the majority opinion, and reverse and remand the case for a new trial, and I dissent from the majority opinion.
Jackson v. State, Miss.Sup.Ct. No. 53,-681, a companion case to Pickett, was affirmed April 6, 1983, by an unpublished opinion stating that the decision was controlled by Pickett. In my opinion, Jackson should be reversed and remanded on petition for rehearing for the same reason as Pickett and my views expressed herein apply to Jackson.
WALKER and BROOM, P.JJ., join this dissent.

. However, the State contends that force was used in each instance, while appellant contends that the prosecutrix acted voluntarily.