76    435
f90   317

STATE OF MISSISSIPPI *v.* WILLIAM H. REES.*

CRIMINAL PROCEDURE. *Two or more felonies in same indictment. Different punishments. Discretion of court.*

If an indictment in separate counts charge two or more felonies, punishable differently, on timely objection the trial court may, in its discretion:

(*a*) Sustain a demurrer to the whole indictment;

(*b*) Sustain a demurrer to any count thereof;

(*c*) Order separate trials on the counts; or

(*d*) Compel the prosecutor to elect upon which count he will ask a verdict.

---

* This case was decided at the December special term, 1897, and should have appeared in 75 Miss. Rep. The record, however, was mislaid, and hence the delay in reporting the case.

FROM the circuit court of Prentiss county.

HON. NEWNAN CAYCE, Judge.

The appellee (Rees) was the clerk of the chancery court and *ex officio* clerk of the board of supervisors of Prentiss county. He was indicted for the violation of the sections of the code mentioned in the opinion. His demurrer to the whole indictment was sustained and the state appealed. The code sections mentioned are as follows:

"1063 (2787). *The same ; officers and persons exercising public employments, and express trustees.*—If any state officer or any county officer, or an officer in any district or subdivision of a county, or an officer of any city, town or village, or a notary public, or any other person holding any public office or employment, or any executor, administrator or guardian, or any trustee of an express trust, any master or commissioner or receiver, or any attorney at law or solicitor, or any banker or collecting agent, or other person engaged in like public employment, or any other person undertaking to act for others and intrusted by them with business of any kind, or with money, shall unlawfully convert to his own use any money or other valuable thing which comes to his hand or possession by virtue of his office or employment, or shall not, when lawfully required to pay over such money or deliver such thing, immediately do so according to his legal obligation, he shall, on conviction, be imprisoned in the penitentiary not more than twenty years, or be fined not more than one thousand dollars, or imprisoned in the county jail not more than one year.

"1066 (2790). *The same; by officers and official employes generally.*—If any officer, or other person employed in any public office, shall commit any fraud or embezzlement therein, he shall be imprisoned in the penitentiary not more than ten years, or in the county jail not more than one year, or be fined."

*Wiley N. Nash,* attorney-general, for appellant.

The demurrer went to the whole indictment. A general demurrer can only prevail when the whole pleading is so fatally defective that no judgment could be pronounced upon the verdict. *Hemingway* v. *State,* 68 Miss., 408.

*J. M. Boone* and *B. A. P. Spellman,* for appellee.

The indictment is bad, for the reason that the two counts charge different offenses, the punishment of which is different. The punishment under § 1063, on which the first count is predicated, is not more than twenty years in the penitentiary, and the punishment under § 1066, upon which the second count is predicated, cannot exceed ten years.

WHITFIELD, J., delivered the opinion of the court.

The first count in the indictment attempts to charge an offense under § 1063, code of 1892, and the second attempts to charge the offense denounced by § 1066. The offense sought to be charged in the first count may be punished by twenty years' imprisonment in the penitentiary; the latter could not be punished with more than ten years in the penitentiary. The indictment, therefore, seeks to charge two distinct felonies of different degrees and different punishments. A demurrer was interposed on this ground, amongst others, and sustained, and the indictment quashed, no leave to amend being applied for. The court exercised the discretion, given it in such cases, correctly, that the prisoner might not be embarrassed in his defense, and relieve itself of the embarrassment which might have arisen as to what judgment to render on a general verdict of guilty. That the action of the court was correct, objection being properly taken by demurrer, is granted. *Wash* v. *State,* 14 Smed. & M., 125; *Teat* v. *State,* 53 Miss., 439; Bishop Crim. Prac., secs. 425, 450.

Says Mr. Bishop, sec. 425: "When the court, on reasonable application, deems that the due order of judicial proceedings,

as the interests of a party, will be prejudiced by the multiplicity or ill joinder, it will in its discretion quash a count or the whole indictment, or order separate trials on the counts, or compel the prosecutor to state on which one he will ask for a verdict, as the exigencies of the particular case, and the time and manner of making the objection, may render most suitable. The fact that the court will interfere to prevent an abuse of the right of joining counts is the justification of the various expressions in the books to the effect that such and such a joinder is permissible, and such another is not." The settled rule in this state is that it is bad practice to join in the same indictment counts for distinct felonies of differing degrees, differently punished; and that, if that be done, the court may, in its discretion, on timely and proper objection, quash the indictment. The court here has exercised its discretion in that way by sustaining the demurrer. To hold that it erred would be now to declare that good practice which has always been condemned as bad, and to declare that the trial court has no discretion, in such cases, to quash such an indictment.

This is a wholly different question from the one which arises where the trial court, in the exercise of its discretion, overrules such a demurrer, and this court, looking backward over a completed trial, can see that no injustice was done, and, therefore, refuses to reverse because of the overruling of such demurrer, as was the case in *Hill* v. *State*, 72 Miss., 534, and also wholly different from cases like *Gates* v. *State*, 71 Miss., 874, where the offenses had the same punishment. The question here is not whether this court should reverse because the trial court overruled such demurrer, but whether it shall declare that the trial court's exercise of its discretion in such case, in sustaining the demurrer, was an abuse of that judicial discretion intrusted to it in just such cases. Clearly it was not only no abuse, but eminently proper action.