## STATE OF MISSISSIPPI *v.* AMY FREEMAN.

### [43 South., 289.]

1. CRIMINAL LAW AND PROCEDURE. *Indictment. Arson. Two offenses in same count.*

   An indictment which charges two distinct offenses, punishable by different terms of imprisonment, in the same count is demurrable.

2. SAME. *Burning of house. Personalty therein.*

   A count of an indictment averring that defendant burned a house and designated personalty therein charges two offenses.

FROM the circuit court of Union county.

HON. JAMES B. BOOTHE, Judge.

Mrs. Freeman, the appellee, was indicted for arson; a demurrer was sustained to the indictment against her, and the state appealed to the supreme court.

The indictment charged that the accused "unlawfully, wilfully, feloniously and maliciously did set fire to and burn in the daytime a certain barn and about seventy-five bushels of corn in said barn; this barn and corn then and there being the property of J. L. Swain; against the peace and dignity of the state."

The demurrer was predicated of the idea that two separate and distinct offenses were charged in the same count of the indictment.

*R. V. Fletcher,* assistant attorney-general, for appellant.

In ordinary cases it will, of course, be admitted that it is not permissible to charge two separate and distinct offenses in the same count of an indictment. But several considerations suggest themselves as upholding this particular indictment. In the first place, this is a good indictment at common law for burning a barn. At common law arson consists in the wilful

and malicious burning of another person's house or another person's barn *stored with hay or grain.* 1 Wharton Crim. Law, 825, 834. It will thus be seen that at common law the burning of an empty barn is not arson. The barn must contain hay or grain or other produce. Of course it is not necessary to charge that the grain or hay was actually burned, but no harm can result from so charging, especially as the indictment expressly avers that the corn burned was in the barn. Now, our statutory law defining arson does not repeal the common law crime of arson, but merely enlarges the scope of the law, making it, for example, an offense to burn an empty barn as well as one stored with grain. It is none the less true that he who burns a barn stored with grain, notwithstanding the statute, commits the common law crime of arson. And it has been well said: "It is every-day practice in the criminal courts to proceed against an offender either under a statute or at common law, as the prosecuting power elects. Even where an indictment is meant to be drawn under the statute, if it be defective as such, yet, if good at common law, it stands,—the court rejecting, as surplusage, the concluding words, "against the form of the statute." Bishop Stat. Crimes, 181. It will be noted that the present indictment under consideration does not contain the words, "contrary to the form of the statute."

In the next place, this case is affected by the fact that the barn and its contents were destroyed as the result of one single, indivisible criminal act, the whole constituting but a single crime. It is well settled that when one sets fire to a building, from the burning of which other buildings are destroyed, regardless of the number, the person criminally causing the fire is indictable for but one single act of arson. Thus, it is said, "the indictment may, without duplicity, charge in one count the burning of a number of buildings, caused by the act of the accused in setting fire to one." 3 Cyc., 997, and authorities there cited. 10 Ency. Pl. & Pr., 534.

If it be argued that a general verdict of guilty would leave

it in doubt as to which crime had been committed, if the burning of the barn and the burning of the corn stored therein be considered as two distinct crimes, the answer is found in that line of authorities which holds that the verdict must be referred to the greater offense. *Oleson* v. *State,* 20 Wis., 60; *Roberts* v. *State,* 55 Miss., 421; *Commonwealth* v. *Miller,* 107 Pa. St., 276.

CALHOON, J., delivered the opinion of the court.

The indictment contains in one count a charge of two distinct felonies, one for burning the barn and the other for burning the corn (Code 1906, §§ 1040, 1042), with different penalties, and the circuit court correctly sustained the demurrer to it. *State* v. *Walker* (Miss.), 41 South., 8; *State* v. *Rees,* 76 Miss., 435, 22 South., 829; *Avant* v. *State,* 71 Miss., 78, 13 South., 881.