JAMES JIMERSON v. STATE OF MISSISSIPPI.

[46 South. 948.]

CRIMINAL LAW AND PROCEDURE. *Indictment. Duplicity. Code* 1906, § 1043. *Assault, etc., with intent to murder. Assault, etc., in the attempt to murder.*

If an assault and battery *with intent* to kill and murder and an assault and battery *in the attempt* to kill and murder be regarded as two offenses in the abstract, they are nevertheless so associated and punishable that the same indictment may charge them both in the same count, as having been committed at the same time by the same defendant against the same person, without being

demurrable for duplicity; this is certainly true under Code 1906, § 1043, providing that every person who shall be convicted of shooting at. another, or of attempting to discharge any fire arm or air gun at another wilfully, or of any assault or assault and battery upon another .with any deadly weapon or other means ·or force likely to produce death, with intent to murder, etc., or in an attempt to commit any murder, etc., shall be imprisoned in the penitentiary for not more than ten years, or shall be fined not more than one thousand dollars, or by imprisonment in the county jail not more than one year, or both.

From the circuit court of Madison county.

Hon. Wiley H. Potter, Judge.

Jimerson, appellant, was indicted for an assault and battery *with intent* and *in the attempt* to kill and murder one Ray. His demurrer to the indictment for duplicity was overruled. From the conviction and sentence, following his trial before a jury, he appealed to the supreme court.

The facts are fully stated in the opinion of the court.

*Hallam & Hallam,* for appellant.

The contention of appellant is that Code 1906, § 1043, enumerates, manifestly, quite a number of separate and distinct felonies, and provides punishment for their commission and that a person cannot lawfully be charged with the commission ·of any two or more of such felonies in one and the same count ·of the indictment. *State v. Brown,* 28 South. 752; *Teat v. State,* 53 Miss. 439; *Hill v. State,* 72 Miss. 527, 17 South. 375.

The question then arises, are there two or more felonies charged in this one count?

The statute provides, first: "Every person who shall be convicted of shooting at another * * * wilfully." It certainly cannot be denied that this is a whole and complete offense and that a person indicted for that offense alone could be lawfully convicted and punished therefor. *State v. Brady,* (La.) 2 South. 556.

Second: Every person who shall be convicted "of any· assault or assault and battery upon another with any deadly

weapon or other means of force likely to produce death, with intent to kill and murder, or to maim, ravish or rob such other person." Manifestly the intent to kill and murder is one offense; to maim, another; to ravish, another; and to rob, another. Would it be good pleading to charge any two or more of those felonies in one count of an indictment? We think not.

Third: Every person who shall be convicted of any assault or assault and battery upon another with any deadly weapon or other means or force likely to produce death "in the attempt to commit any murder, rape, manslaughter, burglary, larceny, or other felony." Is it not also true that the offenses of attempting to commit murder, rape, manslaughter, burglary, larceny, etc., are felonies separate and distinct from each other and from the felonies enumerated in the preceding part of the section? There can be no escape from the proposition. Then, in this case, has the appellant's demand for the nature and cause of the accusation been satisfied or has he been placed on trial on an indictment charging in one count a number of separate felonies?

In *Miller v. State,* in the first count of the indictment the defendant was charged with having unlawfully sold and retailed vinous and spiritous liquors in a less quanity than one gallon and also with having suffered the same so sold to be drank in and about his house. The court said: "The first member of the section makes it unlawful to sell in a less quantity than one gallon. The violation of the act is completed by the sale of the prohibited quantity   *   *   *   . The second member of the section makes it unlawful for the person selling the spirits to suffer the same to be used about his housse, whatever may be the quantity which is sold   *   *   *   . This count is therefore manifestly bad for duplicity and uncertainty." *Miller v. State,* 5 How (Miss.) 250.

The one-count indictment in this case charges the offenses of shooting at another, wilfully, under the first clause of section 1043; it charges an assault and battery with intent to kill and

murder, and also an assault and battery with intent to maim, under the second clause of the section; it charges an assault and battery in the attempt to commit murder under the third clause of the section; it charges an assault with intent to kill and murder, and an assault in the attempt to kill and murder under the second and third clauses of the section; and, by inference, it charges an assault and battery in the attempt to commit manslaughter under the third clause of the section. The appellant might lawfully have been indicted and convicted for any of these offenses. We pause to ask, of what offense, under this one count and the instruction for the state, was he in fact convicted?

The words used in the statute "or in the attempt to commit any murder," etc., must be understood to mean something. Attempt and intent are not synonymous, and therefore, in using the words above quoted the legislature had a purpose. They either mean that an assault in the attempt to kill and murder is an offense unto itself, or they are absolutely meaningless. If they do mean anything, or what they say they mean that an assault in the attempt to murder is a felony distinct from an assault with intent to kill and murder; and, if they do mean this, then this one-count indictment is double. The case of *Ex parte Burden,* 92 Miss. 14, 45 South. 1, is decisive of the question that intent and attempt are not synonymous. *State v. Marshall,* 14 Ala. 411; *Kline v. State,* 44 Miss. 317; *Karrington v. State,* 54 Miss. 490; *Dee v. State,* 68 Miss. 601, 9 South. 356; *State v. Thompson,* 25 South. (La.) 954; *Burgess v. State,* 81 Miss. 482, 33 South. 499; *Breeland v. State,* 79 Miss. 527, 31 South. 104.

*R. V. Fletcher,* attorney general, for appellee.

The sole question is as to whether the indictment is duplicitous because of charging both an intent to kill and an attempt to kill.

It is manifest that if two offenses are charged they are

charged as being committed by the same act. Only one criminal act is involved and the utmost that can be said is that the indictment alleges that in the commission of this criminal act appellant both intended to kill and attempted to kill. It is, of course, perfectly apparent that the statute denounces precisely the same penalty for both of these offenses, if indeed they are to be considered as separate offenses. Nor can there be any question that under the peculiar wording of this indictment, conviction or acquittal on one of the charges would be a complete bar to the other one.

It requires much subtlety of reasoning to distinguish between an assault and battery with intent to kill and of an assault and battery in the attempt to kill. It is hard to conceive of any clear distinction which could be drawn between these two alleged separate and distinct offenses; they both involve the idea of an assault, and if an assault is committed with intent to kill, certainly it could not be said that there had been no attempt to kill. On the other hand, one could not attempt to kill another with a deadly weapon unless he committed an assault with such weapon having the intent to do murder. If courts have drawn any distinction between the two, necessarily such distinction is over-refined, and not in accord with logic or common experience. But this point must be disposed of upon a somewhat different principle. It is very true that our court, and perhaps every other court in the union, has condemned the practice of joining two separate, distinct and independent offenses in the same count. Nobody gainsays the universality of this rule. But the question here is, whether the indictment presents, in fact, two separate, distinct and independent offenses. It has been well said by our court that while it is true as a general rule that two crimes cannot be charged in the same count in the indictment, there are exceptions to this rule. Larceny and burglary may be joined in a single count. *Roberts v. State,* 55 Miss. 421.

Of course this Roberts case rests upon a different principle, but I mention it as an illustration of the fact that the rule has

well defined exceptions. It is my contention that the case at bar presents such an exception. Our court has held that it is proper practice to charge in an indictment for arson that the defendant did set fire to and burn the cotton house worth so much, the property of A. B.; and three bales of cotton contained therein, the property of B. C. This was held not to be charging two offense in the same count within the condemnation of the rule, since both the house and the cotton were consumed by the same criminal act. *Clue v. State,* 78 Miss. 661, 29 South. 516.

It has been often held, and twice very lately, that the indictment may properly charge the larceny of distinct articles the subject of separate ownership, provided the larceny was committed at the same time. *State v. Dalton,* 44 South. 802; *Ward v. State,* 43 South. 466.

But if it be said that these cases are not in point, the matter is put at rest by the following declaration of Mr. Bishop: "A statute often makes punishable the doing of one thing, or another, or another, or another, sometimes thus specifying a considerable number of things. Then, by proper construction, a person who in one transaction does all, violates the statute but once and incurs only one penalty, yet he violates it equally by doing one of the things, therefore, the indictment on such a statute may allege in a single count that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction 'and' and where the statute has 'or' and it will not be double, and it will be established at the trial by any one of them." 1 Bishop New Crm. Procedure, 269 (Sec. 463).

This authority is exactly in point. It applies precisely to this statute and unless disallowed by the court must control this case.

To show that this is not an exceptional holding but that it is amply supported by authority, I call the court's attention to the following statement of the law: "When a statute enumerates several acts in the alternative, the doing of any of which is sub-

jected to the same punishment, all of such acts may be charged cumulatively as one offense." 10 Ency. Pl. & Pr. 536.

This statement of the text is supported by a long line of cases from almost every state in the union. Certainly it must be taken as settled law. The precise question has been under review by the supreme court of the United States in *Chain v. United States,* 162 U. S. 624.

Argued orally by *Frank Hallam,* for appellant and by *R. V. Fletcher,* attorney general, for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The indictment in this case is drawn under Code ·1906, § 10-13, and was demurred to on the ground that it charged distinct and independent felonies to the number of six, and punishable, too, by different penalties. This is an entire misconception of the effect of the language used in the indictment. The substantial charging part of the indictment is as follows: "Present that James Jimerson did then and there willfully, unlawfully, feloniously, and of his malice aforethought make an assault upon the person of one E. A. Ray with a certain deadly weapon, to-wit, a pistol, with intent and in the attempt him, the said E. A. Ray, then and there willfully, unlawfully, feloniously, and of his malice aforethought to kill and murder, and did then and there with said deadly weapon aforesaid him, the said E. A. Ray, willfully, unlawfully, feloniously, and of his malice aforethought, shoot strike, hit, mutilate, wound, and maim, with intent and in the attempt him, the said E. A. Ray, then and there willfully, unlawfully, feloniously, and of his malice aforethought to kill and murder," etc. The statute (section 1043) is as follows:

"Every person who shall be convicted of shooting at another, or of attempting to discharge any firearms or air-guns at another, willfully; or of any assault or assault and battery upon another with any deadly weapon or other means or force likely to produce death, with intent to murder or to maim, ravish or

rob such other person; or in the attempt to commit any murder, rape, manslaughter, burglary, or other felony; or in resisting the execution of any legal process, or any officer or private person lawfully attempting to arrest him or any other person— shall be imprisoned in the penitentiary not more than ten years, or shall be punished by a fine of not more than one thousand dollars, or by imprisonment in the county jail not more than one year or by both."

Two things are perfectly clear: First, the statute, of course, provides, manifestly, for many entirely distinct, independent, and separate offenses; second, that this indictment, however, charges substantially but one offense, or, at the most, two offenses growing out of one single criminal act, so intimately associated, being punishable, too, by the same punishment, as that it was perfectly competent to charge them both, if they may be regarded as two distinct offenses, in one and the same indictment, within the proper interpretation of the rules of law upon this particular proposition. There is no charge of maiming anybody. There is no charge of manslaughter. There is no charge of shooting at anybody. The indictment indulges in a good deal of tautology; but the charge, stripped of all useless verbiage, is simply that the appellant made an assault and battery upon Ray with the intent and in the attempt to kill and murder him. If, now, it can be said, with any common-sense logic, that an assault and battery with intent to kill and murder is an entirely separate and distinct offense in the abstract from an assault and battery in the attempt to kill and murder, still the answer on this particular indictment is that, though there may have been, as stated, two distinct and independent offenses in the abstract, there could not possibly have been in the concrete case made by the indictment, since there was but one criminal act out of which the assault and battery grew, and hence there could have been, necessarily, but one offense growing out of the single act, or, at the most, two offenses, necessarily interblended and involved one with the other—both, if there were

two, punishable in the same way. An acquittal or conviction under this indictment of an assault, etc., with intent to kill, since there was but one offense, would undoubtedly operate as a bar to any further prosecution for either. It seems to us over-refinement to attempt any practical distinction whereby two offenses, an assault, etc., with intent, and an assault, etc., in the attempt, to kill, can be carved out of one single act; the punishment in both cases being the same. Both charges involve the idea of an assault; and, if an assault committed with intent to kill, how is it possible to say that that assault was not also committed in the attempt to kill? And, again, how is it rationally possible to conceive of an attempt to kill another with a deadly weapon, unless that other commits such attempt to kill with the intent to kill and murder?

It is undoubtedly bad practice, as we have often held, to join in the same count of an indictment two totally distinct and independent felonies punishable by different punishments; but that is not this case. We have held that there are exceptions to the general rule that two crimes cannot be charged in the same count of an indictment; for example, we have been held that larceny and burglary may be joined in a single count, in *Roberts v. State,* 55 Miss. 421, and so, in *Clue v. State,* 78 Miss. 661, 29 South. 516, 84 Am. St. Rep. 643, we have held that it was proper to charge in an indictment for arson that the defendant set fire to and burned a certain cotton house, the property of A. B., and also three bales of cotton contained therein, the property of B. C., since the house and cotton were both consumed as a result of the same act. See, also *State v. Dalton* (Miss.) 44 South. 802, and *Ward v. State* (Miss.) 43 South. 466. Mr. Bishop says, in his New Criminal Procedure (volume 1, § 436): "A statute often makes punishable the doing of one thing, or another, or another, sometimes thus specifying a considerable number of things. Then, by proper and ordinary construction, a person who in one transaction does all, violates the statute but once, and incurs only one penalty.

Yet he violates it equally by doing one of the things. Therefore the indictment on such a statute may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction 'and' where the statute has 'or,' and it will not be double, and it will be established at the trial by proof of any one of them." And so, in 10 Ency. of Pl. & Pr., at page 536, it is said: "When a statute enumerates several acts in the alternative, the doing of any of which is subjected to the same punishment, all of such acts may be charged cumulatively as one offense." The soundness of the principle announced in these two quoted authorities is undoubted; but it is not applicable to this indictment.

We think that the principle announced in *Crain v. United States,* 162 U. S. 625, 16 Sup. Ct. 952, 40 L. Ed. 1097, to the effect that an indictment is not rendered double because it charges in the same count that one not only forged and counterfeited certain writings, but also caused the same to be done, is perfectly correct, and we prefer to rest our decision in this case on the proposition that an assault and battery with intent to kill and an assault and battery in the attempt to kill, where both grew out of a single criminal act, may be charged together properly in the same count of the indictment, and that such an indictment is not double in any proper sense. Treating the two offenses as separate offenses in the abstract, they nevertheless in the concrete grow out of the same criminal act, and they are necessarily intimately associated, if not identical, in the particular case, and the two, if there be two in any just conception, are so interblended, and the one so necessarily implicated in the other, the punishment being the same for both under the particular statute, as that it cannot be said, on any rational line of thought, that such an indictment is duplicitous in any proper legal sense.

*The judgment is affirmed.*