McGRAW et al. v. STATE.

(Division A. June 9, 1930.)

[128 So. 875. No. 28392.]

**A. M. Edwards**, of Mendenhall, for appellants.

George T. Mitchell, Attorney-General, and W. A. Shipman, Assistant Attorney-General, for the state.

Argued orally by A. K. Edwards, of Mendenhall, for appellant, and by W. A. Shipman, Assistant Attorney-General, for appellee.

McGowen, J., delivered the opinion of the court.

On a misdemeanor indictment the appellants were jointly tried before a jury, convicted, and thereupon sen-

tenced by the court to pay a fine, and to imprisonment in the county jail, from which judgment they appeal to this court.

We shall confine ourselves to one assignment of error urged by appellants here, to-wit, that the court below erred in overruling the demurrer to the indictment. The attorney-general concedes that the indictment is defective because of duplicity, and in the brief filed by him in this case he reviews, to some extent, the authorities on the subject. The material part of the indictment is in this language:

"Did then and there unlawfully, wilfully and fraudulently move or cause to be moved one certain Ford truck of the value of about two thousand five hundred dollars, a more perfect description of said truck is to the grand jurors unknown, from and out of the state of Mississippi to a place beyond the jurisdiction of this state and into the state of Louisiana which property was then and there in the hands of J. D. Smith, sheriff of said Simpson, by and under the terms of a certain levy so made by said sheriff in a certain landlord's lien proceeding so instituted by R. I. Tullos, who had and held a certain landlord's lien on said truck; that said removal of said truck was with the wilful and fraudulent intent to defraud the R. I. Tullos, as well as the said sheriff."

Section 1039, Hemingway's Code 1927, section 1260, Code 1906, is as follows:

"*Larceny—Removing property subject to lien out of state.*—If any person shall move, or cause to be removed, to any place beyond the jurisdiction of this state, any personal property which shall at the time of such removal be under written pledge, or mortgage, or deed of trust, or lien by judgment, or any other lien in this state, with intent to defraud the pledgee, mortgagee, trustee, cestui que trust, or creditor, he shall be guilty of a misdemeanor, and, upon conviction, shall be fined not more

than one thousand dollars or imprisoned in the county jail not more than twelve months, or both.''

Section 1087, Hemingway's Code 1927, section 1300, Code 1906, is as follows:

"*Obstructing justice—removing property levied on.—* Any person who shall, without authority of law, remove property of his own or of any other person which he knows has been levied on by virtue of any legal process, upon conviction, shall be punishable by fine, not exceeding five hundred dollars, and by imprisonment, not exceeding six months, in the county jail.''

It was contended by the appellants, by their demurrer, that there was duplicity in the indictment, in that it sought to charge the crime of removing property subject to a lien from the state under the first statute quoted, and also sought to charge the defendant with obstructing justice by removing property levied on by legal process. This contention, as we have said, is conceded by the attorney-general.

The indictment is subject to criticism, in that it undertakes to charge two offenses in one count, charging one as unambiguously as the other—the former crime is not a constituent of the latter. An intent to defraud the landlord is clearly alleged, and likewise an intent to defraud the sheriff. It alleges a landlord's lien and also alleges the removal of the property which had been levied on by virtue of legal process.

It will be observed that the two statutes quoted above are not related to each other; that the punishment provided for violation thereof is different.

In this state it is not permitted to charge a person with two unrelated crimes, imposing different punishments, in the same count of an indictment, and most surely it cannot be said to be in accord with that simplicity, certainty, and want of ambiguity which is required in criminal procedure.

Let it be remembered that the crime of obstructing justice is not a constituent part of the crime of removing property subject to a lien, nor are they, in a greater or lesser degree, the same offense.

The record in this case not only discloses that the appellants were indicted on a single count containing two distinct crimes, with different punishments, but it clearly appears that the proof took a wide range, attempting to show the appellants to be guilty of both crimes.

Because of its duplicity, the indictment is bad, and the demurrer to it should have been sustained.

The announcement herein made is supported by numerous authorities: Clue v. State, 78 Miss. 661, 29 So. 516, 84 Am. St. Rep. 643; Jimmerson v. State, 93 Miss. 685, 46 So. 948; State v. Brown (Miss.), 28 So. 752; State v. Freeman, 90 Miss. 315, 43 So. 289; State v. Walker, 88 Miss. 592, 41 So. 8; Brady v. State, 128 Miss. 575, 91 So. 277, and State v. Sam, 154 Miss. 14, 122 So. 101.

The court erred in overruling the demurrer to the indictment, and said demurrer is here sustained, and appellant is discharged, this being a misdemeanor.

Reversed, and appellant discharged.