Woods *v.* State

(In Banc. Nov. 11, 1946.)

[27 So. (2d) 895. No. 36199.]

T. **Price Dale**, of Hattiesburg, for appellant.

**Greek L. Rice,** Attorney General, by **Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**Roberds, J.,** delivered the opinion of the court.

Woods, by three separate affidavits, was charged with (1) exhibiting a deadly weapon, to-wit a pistol, in a rude, angry and threatening manner in violation of Section 2086, (2) with carrying concealed a deadly weapon, to-wit a pistol, in violation of Section 2079, and (3) with assault and battery with fists in violation of Section 2562, the three cited sections being in the Mississippi Code of 1942. At the beginning of the trial in the County Court the county prosecuting attorney moved the Court to grant an order consolidating these three charges into one and for one trial of the consolidated case because, as stated by him, the three crimes "grew out of one and the same transaction." Woods objected to this procedure but the trial judge granted ". . . the motion of the State to consolidate the cases inasmuch as they are misdemeanors." Woods on this appeal contends that this was error and that we should reverse and remand the case therefor.

Mississippi has no statute on the subject of consolidating distinct criminal charges against the same person into one offense and a trial thereof as one case. Section 2514, Code 1942, grants to persons jointly indicted for felony the right to be tried separately on due application for a severance, and Section 2515 provides that persons jointly indicted for misdemeanors may be tried jointly or separately in the discretion of the Court. But the question involved here is not dealt with in either statute. The question under consideration is discussed in 8 R.C.L., page 166, par. 160; Lucas v. State, 144 Ala. 63, 39 So. 821, 3 L.R.A. (N.S.) 412, and note thereto; Commonwealth v. Gallo, 275 Mass. 320, 175 N.E. 718, 79 A.L.R. 1380, and in 23 C.J.S., Criminal Law, Sec. 931, p. 209. These authorities reveal that in some jurisdictions such consolidation and trial are permitted in the discretion of the court, but it will also be noted that many of the cases permitting con-

solidation were decided under statutes, federal and state, so permitting, or the defendants consented, or did not object, to such procedure, and that even under these conditions the action of the court is to be guided by a sound discretion, making sure that consolidation will save delay and expense and not prejudice the defendant. These precautionary requirements are stated in 23 C.J.S., Criminal Law, Sec. 931, p. 210, in this language: "Under such statutes consolidation is authorized only when the offenses charged therein might have been joined in one indictment under separate counts and should be allowed only where the court is satisfied that the ends of justice require it in order to avoid unnecessary delay and expense, and where accused is not thereby confounded in his defense or otherwise prejudiced, and the court is under a duty to protect with care the substantial rights of accused when subjected to a consolidated prosecution."

The exact question seems not to have arisen in this court since this State was admitted into the Union, December 10, 1817. That fact itself is significant. However, this court has frequently held (with some exceptions, see Jimerson v. State, 93 Miss. 685, 46 So. 948) the case at bar not being one of the exceptions, that separate and distinct offenses can not be charged in one indictment or information although all offenses be misdemeanors. McGraw v. State, 157 Miss. 675, 128 So. 875, and cases therein cited. These holdings prevent this State from coming within the above quoted requirement that "consolidation is authorized only when the offenses charged therein might have been joined in one indictment." See 27 Am. Jur. page 683, par. 124, for a general discussion of this question.

At common law and from the earliest colonial days in this country it has been the settled rule that a formal accusation is an essential condition precedent to a valid prosecution for a criminal offense. This is done by information supported by affidavit or by indictment. In either case the objects are first to furnish the accused such a

description of the charge against him as will enable him to prepare his defense and avail himself of the conviction or acquittal against further prosecution for the same offense, and, second, to inform the court of the facts alleged, so that it may be able to say whether the facts are sufficient in law to support a conviction if one should be had. Section 26, Mississippi Constitution of 1890, gives an accused the right "to demand the nature and cause of the accusation." Applying these requirements and principles to the facts of this case, what are the results?

In the first place, the elements of the three crimes are different. As to exhibiting a deadly weapon in a rude and angry manner, the statute requires that this be done in the presence of three or more persons, not in necessary self defense, "or shall in any manner unlawfully use the same in any fight or quarrel." Section 2079 makes it a crime to carry concealed, in whole or in part, a pistol, or any of several other weapons specified in the statute, or "other deadly weapon of like kind or description." The offense of assault and battery with the fists comes within Section 2562, Code of 1942, covering offenses indictable at common law for which no penalty is elsewhere prescribed. It is obvious at once that the elements constituting these three crimes are quite different one from the other. The accused was called upon to defend himself against all of them in one and the same trial.

The penalty for exhibiting a deadly weapon in a rude and threatening manner is a fine of not over $500 or confinement in jail not exceeding three months, or both; for carrying concealed a deadly weapon, the penalty is a fine of not less than $25 nor more than $100, or imprisonment in jail not exceeding three months, or both; and for assault and battery with fists, a fine of not more than $500 *and* imprisonment in jail for not more than six months, or either. When the three cases are consolidated *into one* and there is a conviction, it is difficult to understand what guide the court had in fixing the punishment.

Again, much of the evidence necessary to convict the accused in this case of assault and battery with fists would not have been competent on a trial for carrying concealed a deadly weapon. The assault and battery, according to the contention of the State, took place after the crime of carrying concealed a deadly weapon was over. In fact, exhibiting the weapon in a rude and threatening manner necessarily terminated the crime of carrying the weapon concealed. The accused had to be prepared to meet evidence of three distinct crimes, where much of the evidence as to one was not competent as to the others. Certainly the accused was confounded in his defense and evidence was introduced before the jury which would not have been competent upon separate trials.

It seems to be asserted in the briefs that appellant was convicted of assault and battery and acquitted of the other two crimes. The record does not show what the verdict was as to the other two crimes. Apparently if there was an acquittal of these two charges it was by inference and not by express verdict. The record contains only this verdict, "We, the jury, find the defendant, guilty of assault and battery." Just how appellant could plead this verdict in defense to another charge of carrying concealed a deadly weapon and exhibiting such weapon in a rude and threatening manner, it is difficult to see, since there was no verdict on this trial expressly convicting or acquitting him of these charges.

While the foregoing quoted verdict appears in the record, and is the only one which does so appear, the order of the Court imposing the sentence recites that the verdict was, "We, the jury, find the defendant, guilty as charged." If this was the verdict, it is impossible to determine the crime fastened upon the accused and how he could plead such a verdict in further prosecutions for the same crime.

All of this means that the court had no power or authority to consolidate these charges and try the consolidated

case as one crime. Such procedure is foreign to the juris-
prudence of this State under the facts of this case.
Reversed and remanded.

**Sydney Smith, C. J.**, did not participate in this decision.