This is an appeal from the Circuit Court of Humphreys County wherein appellant who was serving a term of less than life in the penitentiary was indicted for (1) aggravated assault upon a law enforcement officer; (2) kidnapping and (3) attempted escape from the Department of Corrections by violence. Following trial by jury, he was found guilty of simple assault on Count I; guilty on Count III; and not guilty on Count II. He was sentenced on Count I to serve a term of five years in the custody of the Mississippi Department of Corrections and a term of ten years on Count III to run consecutively to that in Count I and to the time he was presently serving. Aggrieved with this decision, he has perfected his appeal to this Court, assigning the following as error:
(1) The trial court erred in allowing the State to proceed upon a multicount indictment when such indictment is neither provided for nor allowed under Mississippi Law, and thus placing appellant three times in jeopardy by the state's proceeding to try all three charges against appellant at one time, to-wit: Aggravated assault, kidnapping and attempting to escape by force or violence;
(2) The trial court erred in overruling appellant's demurrer to indictment and motion for directed verdict as to Count III (the attempted escape charge). The statute under which appellant was indicted, Mississippi Code Annotated section 97-9-47 (1972), refers to attempted escape from "the penitentiary" by force or violence to any person. The indictment and proof in this cause indisputably showed that the attempted escape was committed at a place other than "the penitentiary", and therefore, appellant's actions violate no Mississippi statutes; and
(3) The trial court erred in sentencing the defendant to ten years in the custody of the Mississippi Department of Corrections on the charge of attempted escape by force or violence. This sentence is excessive and cruel and unusual punishment since the same escape charge, when committed from a county jail, carries a maximum sentence of only one year.
The appellant did not take the witness stand nor offer any witnesses in his own behalf. According to the state's witnesses on August 13, 1981, the appellant, after having been transported to the University Medical Center in Jackson and while being returned to Parchman penitentiary, held a zip-gun on Officer Williams, the driver of the Parchman van, forcing Williams to drive off the normal route to the penitentiary.
The van was occupied by four officers, two in the front and two unarmed in the rear of the van and five other inmates. Appellant told the officers he was serving a thirty-five-year sentence without parole and wanted his freedom. During the incident the officers were able to overcome appellant and transport him back to the penitentiary.
The appellant initially asserts a multicount indictment under which he was indicted is neither provided for nor allowed under Mississippi Law. His demurrer to the indictment was overruled and he was tried in one proceeding for the three charges arising out of the August 13, 1981 incident. Following trial he was found guilty under Count I of simple assault upon a law enforcement officer and sentenced to a term of five years and under Count III was found guilty of attempted escape by force or violence and received a ten-year sentence. He was found not guilty under Count II of kidnapping.
As early as 1854 in Sarah (a slave) v. State, 28 Miss. 267, this Court addressed the propriety of a two-count indictment. The appellant asserted in part it was error to overrule her motion to quash the indictment which charged two distinct, separate and independent felonies: (1) Preparation by a slave of arsenic with intent to kill; and (2) the administering by a slave of the arsenic with intent to kill.
In upholding the lower court's overruling the motion to quash, the court noted that *Page 871 
the felonies charged differed neither in character nor in thepunishments and they referred to the same transaction, depending necessarily to some extent on the same evidence. The granting or denial of a motion to quash in this regard was a matter resting within the discretion of the court. The case was reversed on other grounds.
In 1897 in State v. Rees, 76 Miss. 435, 22 So. 829, the lower court sustained appellee's demurrer to an indictment containing two separate felonies, the first punishable by a twenty-year sentence, the second punishable by not more than a ten-year sentence. The Court stated:
 The [circuit] court exercised the discretion, given it in such cases, correctly, that the prisoner might not be embarrassed in his defense, and relieve itself of the embarrassment which might have arisen as to what judgment to render on a general verdict of guilty.
76 Miss. 437, 22 So. 829.
The Court went on to say:
 The settled rule in this state is that it is bad practice to join in the same indictment counts for distinct felonies of differing degrees, differently punished; and that, if that be done, the court may, in its discretion, on timely and proper objection, quash the indictment. The court here has exercised its discretion in that way by sustaining the demurrer. To hold that it erred would be now to declare that good practice which has always been condemned as bad, and to declare that the trial court has no discretion, in such cases, to quash such an indictment.
76 Miss. 438, 22 So. 829.
As noted the case presented a different question from one which arises where the trial court in the exercise of its discretion overrules such a demurrer and this Court looking backward over a completed trial can see that no injustice was done and therefore refuses to reverse as was the case in Hill v. State, 72 Miss. 527, 534, 17 So. 375 and also Gates v. State, 71 Miss. 874, 16 So. 342 where the offenses had the same punishment.
Following the guidelines set forth in Rees in 1923, this Court in McEwen v. State, 132 Miss. 338, 96 So. 690 (1923) reversed and remanded because appellant was charged with two felonies differing in their elements and punishment saying:
 The two felonies charged in the indictment differ materially, both in their elements and their punishments, and consequently the court below should either have sustained the demurrer to the indictment in whole or to one count, or have compelled the state to elect on which count the appellant should be tried. State v. Rees, 76 Miss. 435, 22 So. 829.
132 Miss. 344, 96 So. 690.
In 1946 in Woods v. State, 200 Miss. 527, 27 So.2d 895 (1946) appellant was charged in three separate affidavits of (1) exhibiting a deadly weapon; (2) carrying a concealed weapon; and (3) assault and battery with fists. On motion of the state, objected to by appellant, the cases were consolidated for trial on the basis the three crimes grew out of one and the same transaction. In citing 23 C.J.S. Criminal Law § 931, p. 210 with reference to those jurisdictions permitting consolidation under statutes (unlike Mississippi), the court said:
 "Under such statutes consolidation is authorized only when the offenses charged therein might have been joined in one indictment under separate counts and should be allowed only where the court is satisfied that the ends of justice require it in order to avoid unnecessary delay and expense, and where accused is not thereby confounded in his defense or otherwise prejudiced, and the court is under a duty to protect with care the substantial rights of accused when subjected to a consolidated prosecution."
200 Miss. 532, 27 So.2d 895.
The penalty for all three crimes was different as well as the elements constituting each crime. In summarizing, the Court said: "All of this means that the court had no power or authority to consolidate these *Page 872 
charges and try the consolidated case as one crime. Such procedure is foreign to the jurisprudence of this State under the facts of this case."
The state argues the sole authority for the Woods decision was McGraw v. State, 157 Miss. 675, 128 So. 875 (1930) which dealt with duplicity rather than a multicount indictment. InMcGraw we stated:
 In this state it is not permitted to charge a person with two unrelated crimes, imposing different punishments, in the same count of an indictment, and most surely it cannot be said to be in accord with that simplicity, certainty, and want of ambiguity which is required in criminal procedure.
157 Miss. 679, 128 So. 875.
This is a distinguishable point; however, the same principle applies that one may not be tried for two distinct crimes charged in separate counts and receive two separate sentences at one and the same time.
The State further cites Criddle v. State, 250 Miss. 328,165 So.2d 339 (1964) and Feranda v. State, 267 So.2d 305 (Miss. 1972) for the theory that this State is again beginning to allow some leniency with regard to multicount indictments where the counts arise from the same transaction. In Criddle the appellant was convicted of forgery and sentenced to serve a term in the penitentiary. He was indicted for forgery and also charged with feloniously uttering the forged document. We held:
 We hold that when the crime of forgery and uttering are joined in one indictment, it is not demurrable if the two charges are based on the same transaction or series of connected transactions. Wharton's Criminal Law and Procedure, Anderson, Sec. 1935; Cannon v. State, 75 Miss. 364, 22 So. 827; Brady v. State, 128 Miss. 575, 91 So. 277; Jimerson v. State, 93 Miss. 685, 46 So. 948; cf. Osby v. State, 229 Miss. 660, 91 So.2d 748.
 An indictment charging burglary and larceny, two separate and distinct crimes, is good and the jury may acquit of burglary and convict of larceny; but if the verdict is a general one it will be regarded as a conviction of burglary alone. Clanton v. State, 211 Miss. 568, 52 So.2d 349. By the same reasoning we hold that where one is charged with forgery and uttering, he may be acquitted of forgery and convicted of uttering, but if the verdict is a general one, it will be regarded as a conviction of forgery. In any event, the accused may not receive but one punishment. (Emphasis added).
250 Miss. 332-33, 165 So.2d 339.
In Feranda the appellant alleged it was error to indict him for burglary, grand larceny, conspiracy to commit a crime, and acting as an accessory before the fact in the charge of burglary and larceny. Finding this to be an exception to the general rule that two crimes cannot ordinarily be charged in the same count we stated:
 It should be noted that the crimes charged in the indictment in this case all arose out of the same transaction; that is, the alleged theft of certain kitchen cabinets. Furthermore, proof of a crime is necessary to bring the accessory before the fact statute into operation, and the crimes of conspiracy and accessory before the fact involve so many of the same elements of proof that one tends to demonstrate the other. We are, therefore, of the opinion that the indictment properly charged the crime of burglary because the lesser crimes of conspiracy and larceny served to demonstrate the greater crime of accessory before the fact of burglary.
267 So.2d at 306.
In both Criddle and Feranda the appellant received one sentence.
In Bradshaw v. State, 192 So.2d 387 (Miss. 1966), cert. den.389 U.S. 941, 88 S.Ct. 299, 19 L.Ed.2d 293 where the appellant was charged with the crime of larceny and of burglary, we said:
 "The larceny, therefore, is charged, not as a substantive offense, but as demonstrating the burglarious intent. The jury may, indeed, acquit of the burglary and convict of the larceny, but a general verdict *Page 873 
of guilty will be regarded, not as a conviction of two offenses, but of the burglary alone; and the larceny charged will be deemed indicative of, and intended to demonstrate, the animo furandi which goes to make up the higher crime."
192 So.2d 388. See also Clue v. State, 78 Miss. 661, 29 So. 516 (1900).
The state urges this Court to approve multicount indictments as implemented by the Federal court systems under Rule 8(a) of the Federal Rules of Criminal Procedure which provides for the charging of two or more offenses in the same indictment where they are of the same or similar character or based on the same act or transaction or on two or more acts connected together or constituting parts of a common scheme or plan. However, we have no such provision in this State as noted in Fondren, Mississippi Criminal Trial Practice § 26-11 (1980), "Unlike the practice in the federal courts and many state courts, Mississippi law does not provide for multiple counts or charges in one indictment."
In the case now before us, the appellant was indicted for three separate offenses, each carrying different penalties and having different elements constituting the crimes.
Although it was error for the state to charge the appellant in three separate counts for separate and distinct offenses and for the court to try the appellant thereon, we are of the opinion that appellant was not prejudiced with respect to the charge of aggravated assault and on which he was found guilty of simple assault. All the evidence introduced was admissible on that charge alone. Therefore, the judgment of the circuit court sentencing appellant to five years in the custody of the Mississippi Department of Corrections on his conviction of simple assault should be and is hereby affirmed.
We note that appellant was acquitted of the charge of kidnapping and therefore he may not be tried again on that count although it was improperly charged on this multiple count indictment.
Secondly, appellant contends it was error to overrule his demurrer to the attempted escape charge alleging that the indictment as drawn failed to charge an offense against the State of Mississippi. We agree.
In Count III of the indictment it was charged that "the said Terry Stinson did unlawfully, wilfully and feloniously attempt by force or violence to J.B. Williams, a correctional officer of the Mississippi Department of Corrections, to escape from theMississippi Department of Corrections at a time when the saidTerry Stinson was sentenced to the Mississippi Department ofCorrections for a term less than life." (Emphasis added).
We find no statute nor does the state cite any which was in effect at the time of this incident which makes it unlawful to escape from the Department of Corrections. It is true Mississippi Code Annotated section 97-9-47 (1972) makes it unlawful for convicts imprisoned in the penitentiary for any term less than life to attempt by force or violence to escape from such prison, whether such escape be effected or not. That statute reads:
 Every person lawfully imprisoned in the penitentiary for any term less than life, who shall attempt, by force or violence to any person, to escape from such prison, whether such escape be effected or not, shall upon conviction, be adjudged to imprisonment in the penitentiary for a term not less than five years, to commence after the termination of the imprisonment to which such person shall have been sentenced at the time of such attempt. (Emphasis added).
The only other statute dealing with escape by force or violence and which was in effect at the time of the alleged incidents is Mississippi Code Annotated section 97-9-51 (1972)[1] which covers those persons attempting escape from a county jail. *Page 874 
Therefore, since the indictment did not charge appellant with attempting to escape from the penitentiary, it failed to charge a crime and the demurrer to that count of the indictment should have been sustained. A defendant has a right to be informed of the charge made against him and all essential elements of the crime must be expressly set forth in the indictment as we held inLove v. State, 211 Miss. 606, 52 So.2d 470 (1951) where we stated:
 The established rule is stated in 27 Am. Jur., Indictments and Informations, Sec. 54, as follows: "It is the constitutional right of the accused, under the organic law of the nation and of the several states, `to be informed of the nature and cause of the accusation' against him, and under these provisions, the accused is entitled to a plain statement of the charge against him. It is fundamental, of course, that an indictment, to be effective as such, must set forth the constituent elements of a criminal offense; if the facts alleged do not constitute such an offense within the terms and meaning of the law or laws on which the accusation is based, or if the facts alleged may all be true and yet constitute no offense, the indictment is insufficient. * * * Every material fact and essential ingredient of the offense — every essential element of the offense — must be alleged with precision and certainty, or, as has been stated, every fact which is an element in a prima facie case of guilt must be stated in the indictment." See ibid, secs. 51-63, 79; 42 C.J.S., Indictments and Informations, §§ 130-137-138. (Emphasis added).
52 So.2d 471-72.
The indictment in the case sub judice, with respect to attempted escape, wholly failed to charge a crime against the State of Mississippi.
For the reasons set forth above, the judgment of the circuit court sentencing appellant to a term of ten years in the custody of the Mississippi Department of Corrections for the crime of attempted escape by force or violence is reversed and the sentence vacated.
The conviction and sentence of appellant on a charge of simple assault is hereby affirmed; the judgment and sentence of appellant on a charge of attempted escape by force or violence is hereby reversed and sentence vacated.
We find no merit to appellant's remaining assignment of error.
AFFIRMED IN PART; REVERSED IN PART AND SENTENCE VACATED.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
[1] Repealed by Laws 1983, Chap. 387, Sec. 2 effective from and after July 1, 1983. Section 97-9-49 (Supp. 1983) is the statute which replaces 97-9-51.