This is an appeal from the Circuit Court of Tishomingo County wherein the appellant, James E. Bennett, Jr., was indicted in a two count indictment which charged him with aggravated assault and armed robbery. Bennett was tried on these charges in a single trial and was found guilty on both counts. He was sentenced to serve (7) years on the charge of aggravated assault and fourteen (14) with seven (7) suspended, on the charge of armed robbery. On this appeal, Bennett argues that his defense was impermissibly prejudiced because he was tried on the charges of armed robbery and aggravated assault at the same time. We agree and therefore reverse the conviction of aggravated assault.
This case is controlled by our recent decisions in Friday v.State, No. 54,039, decided January 25, 1984 (not yet reported) and shortly before, Stinson v. State, 443 So.2d 869 (Miss. 1983). In Stinson v. State, Stinson was tried for three separate counts of an indictment, aggravated assault upon a law enforcement officer, kidnapping and attempted escape from the Department of Corrections by violence. In addressing this triple count indictment we examined the history of Mississippi criminal jurisprudence as it relates to multi-count indictments and the consolidation of offenses for trial. To sum up our holding, we quoted Fondren, Mississippi Criminal Trial Practice § 26-11 (1980), which reads:
 Unlike the practice of the federal courts and many state courts, Mississippi law does not provide for multiple counts or charges in one indictment.
Our holding in Stinson was intended to make it plain that under our state's criminal jurisprudence a multi-count indictment is inherently defective.
Shortly after Stinson was decided, we handed down theFriday decision. In Friday the appellant was indicted under a four count indictment but tried for only two of the counts, kidnapping and rape, at once. We held:
 Because of the inherent prospect of destroying a defendant's right to the presumption of innocence, Mississippi does not allow trial on separate charges to be consolidated where evidence of the crime would not be mutually admissible in separate trials and where the defendant is subject to receiving more than one sentence.
Based on our holdings in Stinson and Friday it is clear that the indictment which charged Bennett with aggravated assault and armed robbery was defective. We are now faced with a determination of what effect the defective indictment is to have. In Stinson we held: *Page 729 
 Although it was error for the state to charge the appellant in three separate counts for separate and distinct offenses and for the court to try the appellant thereon, we are of the opinion that appellant was not prejudiced with respect to the charge of aggravated assault and on which he was found guilty of simple assault. All the evidence introduced was admissible on that charge alone. Therefore, the judgment of the circuit court sentencing appellant to five years in the custody of the Mississippi Department of Corrections on his conviction of simple assault should be and is hereby affirmed.
Stinson at 873.
Addressing the same issue in Friday we held that because all of the testimony put on by the State on the charge of kidnapping was relevant to the charge of rape, the conviction and sentence for rape would be affirmed but the conviction and sentence for kidnapping were vacated.
Because all of the proof adduced by the State was admissible and relevant to show armed robbery, we hereby affirm that conviction; however, we must reverse Bennett's conviction of aggravated assault as some of the evidence which proves the armed robbery would be inadmissible on a trial for aggravated assault alone.
Therefore, based on all of the foregoing, appellant's conviction of armed robbery is affirmed and his conviction of aggravated assault is vacated.
AFFIRMED IN PART, REVERSED IN PART, AND SENTENCE OF SEVEN (7) YEARS ON CHARGE OF AGGRAVATED ASSAULT VACATED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.