474 So.2d 604 (1985)
Robert THOMAS
v.
STATE of Mississippi.
No. 54918.
Supreme Court of Mississippi.
August 7, 1985.
Thomas H. Pearson, Clarksdale, for appellant.
Bill Allain, Atty. Gen. by Henry C. Clay, III, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and ROBERTSON, JJ.
DAN M. LEE, Justice, for the court:
This is an appeal from the Circuit Court of Coahoma County. The defendant, Robert Thomas, was charged with burglary of an inhabited dwelling, attempted rape, and attempted sexual battery, and found guilty of burglary and attempted rape. He was sentenced, on the burglary conviction, to fifteen (15) years imprisonment; he was *605 sentenced, on the rape conviction, to ten (10) years imprisonment. The court imposed consecutive sentences, to be served under the supervision and control of the Mississippi Department of Corrections.
Thomas appealed, assigning sixteen errors to the court below. We find that Thomas was impermissibly prejudiced by being tried and sentenced on both burglary and attempted rape, and therefore reverse and vacate his sentence on the conviction of attempted rape, but affirm the conviction and fifteen (15) years sentence for burglary. Due to the fact that we must reverse and vacate Thomas' ten (10) year sentence for attempted rape, we find it necessary to discuss only four of his assignments of error since the other twelve (12) assignments either are merged or have no merit. They are:
"The Lower court erred in over-ruling defendant's demurrer to the indictment on grounds of multiplicity."
"The Lower Court erred in refusing cross-examination as to the clothes worn by the Prosecutrix."
"The Lower Court erred in refusing to permit re-call of Prosecutrix for cross-examination as to the conversation with Pate."
"The Lower Court erred in refusing to let defendant re-open to present testimony of Bobby Thomas."
On October 4, 1982, Alice Wilson, a resident of the East Park Subdivision in Lyon, Mississippi, was assaulted in her home, during the mid-morning hours. Her assailant let himself in through an unlocked door while she was busy doing household chores. The man carried her back to her bedroom, ripped her blouse off, and removed the rest of her clothing. Mrs. Wilson and her assailant scuffled for several minutes, and he bit her repeatedly. During that time, the attacker managed to remove his own clothes, and attempted to have sexual intercourse with Mrs. Wilson. However, Mrs. Wilson told him that she had recently had an operation which made it impossible for her to have sex. Apparently, the attacker accepted this explanation, but then demanded that Mrs. Wilson perform fellatio on him. Mrs. Wilson instead offered to give him some money, and the intruder then ceased his attack on Mrs. Wilson and left her home.
When police arrived at Mrs. Wilson's home, they took her blouse, as well as several other items, into evidence. Prints taken from these objects matched those of the defendant, Robert Thomas, who was subsequently arrested. At that time he gave two statements to police, where he attempted to establish his whereabouts on the morning of October 4th. The statements contained several discrepancies as to time.
Thomas was indicted for burglary, attempted rape, and attempted sexual battery. His attorney demurred to the indictment on the grounds that it contained more than one charge.
The defendant's first assignment of error is that the lower court erred in overruling his demurrer to the indictment on the grounds that it alleged multiple crimes. The history of our disapproval of the multiple count indictment has been recited in several recent cases, and need not be recounted here. Suffice it to say that the "pyramiding" of multiple punishments growing out of the same set of operative facts constitutes reversible error in this state. Friday v. State, 462 So.2d 336 (Miss. 1985); Johnson v. State, 452 So.2d 850 (Miss. 1984); Bennett v. State, 451 So.2d 727 (Miss. 1984); Stinson v. State, 443 So.2d 869 (Miss. 1983). In each of these cases, where the defendant was convicted of more than one crime, one of the sentences was vacated, and the other affirmed.
For this reason, we reverse and vacate the ten (10) year sentence for attempted rape.
At trial, Alice Wilson was called as the first witness. Counsel for the defendant questioned her extensively about the clothing that she was wearing on the day of the attack. He also asked her whether she had brought that clothing with her to *606 court. The court sustained an objection to the question. The court also correctly sustained objections to cross-examination as to Mrs. Wilson's relationship with her husband.
Counsel for the defendant attempted later to recall Mrs. Wilson to the stand, for the purpose of impeaching her as to certain statements which she had made about the attack to Sheriff Floyd Williams and to witness Shirley Pate. The court allowed the recall to question Mrs. Wilson about statements which she made to Floyd Williams. Those statements involved inconsistent physical descriptions of her attacker. The court did not allow recall for the purpose of questioning Mrs. Wilson about statements which she made to Shirley Pate. The court did allow Mrs. Wilson to be questioned in chambers about those statements, and she denied any inconsistency. Shirley Pate also testified in chambers, saying that Alice Wilson told her, on the day after the incident, that Thomas merely came to her home and threatened her.
The defendant offered several witnesses to testify as to his whereabouts on the day of the attack. However, these witnesses gave widely conflicting testimony as to his whereabouts at different times.
Alice Wilson had claimed that she recognized Robert Thomas from having seen him at a friend's wedding. That friend, Marilyn Gilbert, was called to testify. She said that Alice Wilson was at her wedding, but that Robert Thomas was not. Thomas was called to the stand and testified that he had never attended a wedding with Alice Wilson, although he also testified that he had seen Alice Wilson before.
The state called Allene Thompson, as a rebuttal witness. She stated that she had attended Marilyn Gilbert's wedding and that either the defendant or his brother was present. After the state rested, the defense moved once more to reopen testimony for purposes of calling a surrebuttal witness, Bobby Thomas. Bobby Thomas, who is the brother of the defendant, was to testify that he was present at Marilyn Gilbert's wedding, and that the defendant was not there, that he saw Alice Wilson at the wedding, but that his brother, Robert, was not there. The court held that there was no real purpose in reopening testimony, and denied the motion. The testimony of Bobby Thomas was proffered in chambers.
The jury found the defendant guilty of burglary of an inhabited dwelling, guilty of attempted rape, and not guilty of attempted sexual battery.
Having vacated the sentence imposed in this case for attempted rape, we take this opportunity to address the allegations of Robert Thomas that he was unfairly prejudiced by the refusal of the trial judge to allow him to fully cross-examine the prosecutrix and to present the surrebuttal testimony of his brother. By this testimony, the defendant attempted to establish that he was not the man who broke into Alice Wilson's home and attacked her. Finally, he attempted to show that Mrs. Wilson could not have identified him from seeing him at a wedding. These issues were important to Thomas' defense. We remind trial judges and prosecutors that defendants must be allowed to put on their case.
Once again, we admonish the Bench and Bar to heed the language of Hill v. State, 72 Miss. 527, 534-35, 17 So. 375, 377 (1895):
In fairness to one accused of crime, he should not be put to trial on one indictment for more than one offense, and two or more counts in the same indictment should be employed only for the purpose of charging one transaction in varying forms to meet the possible developments of the evidence on trial... . No possible harm could have come to the state's case by so doing, and all questions of fairness to the accused would have been avoided thereby. The fair way is the safe way, and the safe way is the best way in every criminal prosecution. The history of criminal jurisprudence and practice demonstrates, generally, that if every one prosecuted for crime were fairly and fully conceded all to which he is entitled, and if all doubtful advantages to the state were declined, and if adventurous forays into dangerous or unknown fields *607 were shunned, and if the beaten paths were heedfully followed, there would be secured as many convictions of the guilty, and such convictions would be succeeded by few or no reversals.
Therefore, based on all of the foregoing, the appellant's conviction and sentence of fifteen (15) years for burglary is affirmed and his conviction and sentence of ten (10) years for attempted rape is vacated.
AFFIRMED IN PART, REVERSED IN PART AND SENTENCE OF TEN (10) YEARS ON CHARGE OF ATTEMPTED RAPE VACATED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
ROBERTSON, Justice, specially concurring:
It is not apparent to me why a faithful discharge of the responsibilities vested in the district attorney would not have been satisfied in this case by the selection of the charge with respect to which he considered the State's proof the soundest  burglary or attempted rape  and following that by a vigorous prosecution of the defendant for that offense only, for the common sense perception of the facts of this case reveal a single felonious escapade on the part of Robert Thomas.
Notwithstanding, I regard it as established law that one may be prosecuted for both burglary and attempted rape even though the two charges arise out of the same occurrence or sequence of events and even though there is an element common to each crime, to-wit, the intent to rape, it being necessary to prove such intent to rape in order to establish the charge of burglary and it being further necessary to prove intent to rape in order to establish the offense of attempted rape. Smith v. State, 429 So.2d 252 (Miss. 1983). The law is similarly settled that upon such convictions separate and consecutive sentences may be imposed. Missouri v. Hunter, 459 U.S. 359, 365-69, 103 S.Ct. 673, 677-79, 74 L.Ed.2d 535, 542-44 (1983); Ohio v. Johnson, 467 U.S. 493, ___, 104 S.Ct. 2536, 2540-41, 81 L.Ed.2d 425, 433 (1984); Pharr v. State, 465 So.2d 294, 300 (Miss. 1984).
The only question, then, is whether Thomas may be prosecuted for burglary and attempted rape in the same indictment. I would prefer to see us permit such a prosecution under a multi-count indictment in that the charges brought against Thomas arise out of the same transaction or occurrence. In this regard, I reiterate the views I expressed in my separate opinion in Dixon v. State, 465 So.2d 1092, 1098-99 (Miss. 1985), in which Justice Anderson joined.
the sentence imposition and review business.
Two years ago we announced a firm and rigid rule that multi-count indictments would not be tolerated in this state. Stinson v. State, 443 So.2d 869 (Miss. 1983). Although we have followed Stinson in several cases since that time, cases which are cited in the majority opinion here, we have also begun a gradual watering down process. Dixon v. State, 465 So.2d 1092 (Miss. 1985); Breckenridge v. State, 472 So.2d 373, 378 (Miss. 1985); see also, Ward v. State, 461 So.2d 724, 726 (Miss. 1984).
I wish to emphasize that I in no way endorse the use of a multi-count indictment where the charges against a defendant arise out of separate transactions or occurrences charged to have taken place at separate times. There is great potential for mischief in the practice prevalent in the federal courts and in the courts of some of our sister states which allows for indictment for, say, seventy-two separate charges of Medicaid fraud (including at the end a charge of conspiracy) with the prosecution thus enabled to impress the jury with the fact that the defendant has been charged with so much that he must be guilty of something. And, even where all charges arise out of the same transaction or occurrence and where, in my view, a multi-count indictment would be proper, the trial judge should retain discretionary authority to sever for trial the various counts in a multi-count indictment if such were necessary to avoid undue prejudice to the *608 accused or were otherwise in the interest of justice. See Rule 4.04, Uniform Criminal Rules of Circuit Court Practice.
Notwithstanding our decision today, my perception of the attitude expressed by this Court in Dixon and in Breckenridge and in Ward convince me that it is just a matter of time before the rigidity of Stinson falls of its own impracticable weight. On the assumption that there remains virtue in patience, I concur in the judgment we announce today.
ANDERSON, J., joins in this opinion.