462 So.2d 336 (1985)
Albert Lee FRIDAY, a/k/a Billy Friday
v.
STATE of Mississippi.
No. 54039.
Supreme Court of Mississippi.
January 9, 1985.
*337 Stanley H. Hathorn, Hathorn & Hathorn, Louisville, for appellant.
Bill Allain, Atty. Gen. by Amy D. Whitten, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.

ON PETITION FOR REHEARING
The petition for rehearing is sustained, the former opinion of the Court is withdrawn, and the following opinion is substituted therefor.

I.
HAWKINS, Justice, for the Court:
Albert Lee Friday was tried and convicted in the Circuit Court of Winston County for the crimes of kidnapping and rape and sentenced to a term of life imprisonment without parole on each crime. We vacate the conviction and sentence of life imprisonment without parole on the crime of kidnapping, without prejudice to the State. We affirm the conviction for the crime of rape, but vacate the sentence and remand to the lower court for resentencing.
On October 28, 1981, Friday was indicted by the grand jury of Winston County in a well-drawn, four-court indictment as follows:

Count One charged him with the crime of robbery of Vicki Lynn Long in violation of Miss. Code Ann. § 97-3-73.

Count Two charged him with the crime of kidnapping Melanie Diane Long in violation of Miss. Code Ann. § 97-3-53.

Count Three charged him with the crime of kidnapping Tara Yarbrough in violation of Miss. Code Ann. § 97-3-53.

Count Four charged him with the crime of rape of Melanie Diane Long in violation of Miss. Code Ann. § 97-3-65.
The indictment also charged Friday with being a habitual criminal by four previous criminal convictions and sentences to a penitentiary. The first conviction charged was for the crime of forgery (uttering) in the Circuit Court of LeFlore County on May 20, 1955, and serving a term of one year or more in the state penitentiary. The second conviction was for the crime of forgery (uttering) in the same court on November 23, 1957, and serving a term of one year or more in the state penitentiary. The third *338 conviction charged was for the crime of robbery by assault in a Texas state court on February 17, 1970, and sentenced to serve more than one year in a penitentiary of that state. The fourth conviction charged was for the crime of robbery by assault, also in a Texas state court on February 17, 1970, and sentenced to serve more than one year in a penitentiary in that state.
The basis for the indictment was Friday's robbery of a convenience store in which Melanie, aged 15, was temporarily in charge, and abducting her and another child, and thereafter raping Melanie.
Defense counsel filed a motion to quash the indictment or, in the alternative, require the State to elect which of the counts it intended to try Friday on, and that he be tried separately on each count.
The circuit judge overruled the motion to quash, but did sustain the motion to require the State to make an election by ruling Counts One and Three had to be tried separately. The circuit judge also ruled, however, that Counts Two and Four, the crimes of kidnapping Melanie and raping her, could be tried together.
Following trial, the jury found Friday guilty on each of the counts, but also stated in each verdict that it was unable to agree as to the punishment.
The circuit judge then conducted a hearing without a jury on the habitual criminal charges in the indictment. The State put on proof of the four convictions, and sentences served in the state penitentiary at Parchman. The circuit judge found, however, that the State had failed to prove the serving of the sentences in the Texas penitentiary.
Upon appeal Friday first argues the weight and sufficiency of the evidence and we find the verdict on each charge was amply supported by the evidence adduced.
Friday next argues that he should have been tried separately on each of the counts. The recent case of Stinson v. State, 443 So.2d 869 (Miss. 1983), is controlling on this point. Because of the inherent prospect of destroying a defendant's right to the presumption of innocence, Mississippi does not allow trial on separate charges to be consolidated where evidence of the crime would not be mutually admissible in separate trials and where the defendant is subject to receiving more than one sentence.
All the testimony adduced by the State on the kidnapping charge was relevant to the charge of rape. We therefore affirm the conviction for rape. We vacate the conviction and sentence of kidnapping, but without prejudice to the State's taking whatever further action it finds appropriate.

II.
ROY NOBLE LEE, Presiding Justice, for the Court:
In deciding whether Friday should be sentenced under Mississippi Code Annotated § 99-19-81 (Supp. 1984) or Mississippi Code Annotated § 99-19-83 (Supp. 1984), the circuit judge ruled that the current crimes for which Friday was charged and convicted could be considered as constituting one of the crimes of violence.
He accordingly sentenced Friday to life imprisonment without parole on each crime for which he had been convicted under § 99-19-83. Friday also assigns that the court had no authority to sentence him under that section. We agree with that argument.
In McLamb v. State, 456 So.2d 743 (Miss. 1984), the Court held that, in order to be sentenced to life imprisonment as an habitual offender, the individual must have committed two (2) prior felonies, one of which was violent, and must have been sentenced and served terms of at least one year on each of those prior felonies. Here, the record does not indicate that Friday served imprisonment for the crimes of violence, and McLamb is dispositive of the question.
The circuit judge should have sentenced Friday under § 99-19-81, which provides *339 that every person convicted in this state of a felony who shall have been convicted twice previously of any felony and shall have been sentenced to separate terms of one year or more in a penal institution shall be sentenced to the maximum term of imprisonment prescribed for such felony.[1]
Appellant was convicted of the crime of rape under Mississippi Code Annotated § 97-3-65. The pertinent part of that section applicable to the sentence imposed upon appellant follows:
(2) Every person who shall forcibly ravish any female ..., upon conviction shall be imprisoned for life in the state penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment the court shall fix the penalty at imprisonment in the state penitentiary for any term as the court, in its discretion, may determine.
In Stewart v. State, 372 So.2d 257 (Miss. 1979), the Court held that imposition of a life sentence is within the sole province of the jury and, absent a jury recommendation of life imprisonment, the trial judge must sentence the defendant to a definite term reasonably expected to be less than life. See also Lee v. State, 322 So.2d 751 (Miss. 1975).
We are of the opinion that the lower court erred in sentencing appellant to life imprisonment without parole, since he had no authority to impose a life sentence, absent the jury's recommendation. We further are of the opinion that under § 99-19-81 the maximum term of imprisonment prescribed for the crime for which the appellant was convicted is that sentence imposed by the trial judge, which must be reasonably less than life.[2]
Therefore, we affirm the conviction of appellant for rape, but vacate the sentence of life imprisonment without parole, and remand the case to the lower court for resentencing to some term reasonably less than life, without parole.
PETITION FOR REHEARING GRANTED; CONVICTION AFFIRMED, BUT SENTENCE VACATED, AND CAUSE REMANDED FOR RESENTENCING.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur in part I.
PATTERSON, C.J., WALKER, P.J., and DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur in part II.
HAWKINS, J., dissents to part II.
HAWKINS, Justice, dissenting to Part II:
A mild dissent.
I am afraid the present opinion has created and then overlooked a conflict between Miss. Code Ann. § 99-19-81 and Stewart v. State, 372 So.2d 257 (Miss. 1979).
As the majority notes, Miss. Code Ann. § 99-19-81 states that a convicted felon who is a habitual offender under this statute "shall be sentenced to the maximum term of imprisonment prescribed for such felony ..."
Friday was convicted of rape under Miss. Code Ann. § 97-3-65. The "maximum term of imprisonment prescribed for such felony" under Miss. Code Ann. § 97-3-65 is life imprisonment.
While it is no doubt the law under Stewart that a person convicted under a statute which only authorizes the jury to impose the life sentence, and the jury fails to impose such sentence, the circuit judge must sentence him to a period "reasonably less than life," in this case Friday is not being sentenced under the discretionary authority of a jury or circuit judge, but the mandatory provisions of Miss. Code Ann. § 99-19-81, which requires he receive the maximum *340 sentence authorized under Miss. Code Ann. § 97-3-65. I believe this not only authorizes, but requires the circuit court impose a life sentence.
In holding that even though Miss. Code Ann. § 99-19-81 requires the maximum sentence authorized by Miss. Code Ann. § 97-3-65, but a circuit judge cannot impose the life sentence, here is what we do: we require the circuit judge to impose the maximum sentence he could impose under § 97-3-65 when the jury does not prescribe the punishment.
This means the circuit judge must somehow make a calculation as to how long the convicted habitual offender will live, and then impose a sentence "reasonably less than life." Shall it be a year less than life, a month, a day? I do not see how Miss. Code Ann. § 99-19-81 can ever be enforced under our present holding when there has been a dual conviction of a statute such as Miss. Code Ann. § 97-3-65 and as a habitual offender under Miss. Code Ann. § 99-19-81. I believe Miss. Code Ann. § 99-19-81 was enacted to give certainty in sentencing.
The present opinion in these unusual statutes such as Miss. Code Ann. § 97-3-65 to a degree weakens Miss. Code Ann. § 99-19-81. I would, therefore, hold Stewart is inapplicable to this case, and deny the petition.
NOTES
[1] This section does not require that the accused actually serve time on the sentence.
[2] The office of the Attorney General concedes that if the Court holds appellant was not properly sentenced under § 99-19-83, then the case should be remanded to the lower court for resentencing to a term reasonably less than life, without parole, under 99-19-81.