ANDERSON, Justice,
for the court:
This is an appeal from a judgment of the Circuit Court of Adams County wherein Glenn Ross Watkins was found guilty of armed robbery and sentenced to life imprisonment without the possibility of parole as an habitual offender under the provisions of MCA § 99-19-81 (Supp.1986). We affirm his conviction, but remand the case for resentencing.
In the early morning hours of June 2, 1984, Charles Ernest “Ernie” Burley and Patricia “Pattie” Echols were parking in a lovers’ lane near Natchez when another car drove up behind them. A masked black male, brandishing a pistol, opened the door to their car and demanded Burley’s wallet. Burley gave him $13. The man also tried to assault Pattie Echols, but she escaped. Neither of the victims saw the assailant’s face; after the robbery was completed the assailant left, taking Burley’s car keys *463 with him. Burley and Pattie escaped on foot and caught a ride back to Natchez. Adams County Sheriff’s deputies subsequently interviewed Glenn Ross Watkins, who lived and worked near the site of this incident. During one interview he voluntarily gave them samples of his fingerprints and his hair. After these were compared with samples found at the scene of the crime, Glenn Ross Watkins was arrested and the Grand Jury of Adams County indicted him for armed robbery. After a jury trial, he was found guilty, but the jury were unable to fix his sentence. Because he had previously been convicted on two separate counts of conspiracy to commit armed robbery, the court sentenced Watkins to life imprisonment without possibility of parole as an habitual offender.
On appeal, Watkins argues that his conviction was not supported by adequate evidence, and that the trial judge had no authority to impose a life sentence upon him without a recommendation from the jury.
The first argument has little substance. A jury verdict in a criminal case will not be set aside on appeal unless this Court, after considering all the state’s evidence as true together with all inferences reásonably following from it, concludes that no reasonable jury could have found the defendant guilty. E.g. Fairley v. State, 467 So.2d 894 (Miss.1985); Nobles v. State, 464 So.2d 1151 (Miss.1985); Goldman v. State, 406 So.2d 816 (Miss.1981).
This is not a case in that category. The state proved, by its fingerprint expert, that Watkins had placed his hand on Bur-ley’s car. Expert testimony proved, with virtual certainty, that hair found on Bur-ley’s shirt came from Watkins. Watkins’ own witness, Charles Wright, gave some of the state’s best evidence; his testimony effectively exploded Watkins’ explanation of why he possessed a stocking and gloves similar to those used by the robber. Stories told by Watkins’ wife and brother-in-law to furnish him an alibi were incredible. In short, the jury had ample reason to find Watkins guilty.
We agree, however, that the trial judge should not have sentenced Watkins to life imprisonment absent a recommendation from the jury.
In Stewart v. State, 372 So.2d 257 (Miss.1979), we held that in an armed robbery case, a trial judge could not impose a life sentence without authority from the jury. We recently extended the rule of Stewart to armed robbery cases wherein the defendant is sentenced as an habitual offender under Mississippi Code Annotated, Section 99-19-81 (1972). In such a case, “the maximum term of imprisonment prescribed for the crime for which the appellant was convicted is that sentence imposed by the trial judge, which must be reasonably less than life.” Friday v. State, 462 So.2d 336, 339 (Miss.1985).
Therefore Watkins’ conviction of armed robbery is affirmed and the case remanded for resentencing according to the rule of Friday.
AFFIRMED AS TO CONVICTION, REVERSED AND REMANDED FOR RE-SENTENCING.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.
WALKER, C.J., not participating.