# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-KP-00246-SCT

*JOHNNY WHITE a/k/a JOHNNY LEE WHITE*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/31/96 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/2/97 |
| MOTION FOR REHEARING FILED: | 10/16/97 |
| MANDATE ISSUED: | 12/1/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

In the present case, Johnny Lee White, presently serving at the Parchman Penitentiary, pled guilty and was sentenced as an habitual offender by the Harrison County Court to a life sentence without the benefit of parole on November 5, 1984, after being found guilty of Burglary. White was sentenced under Miss. Code Ann. § 99-19-83 relying on two prior felonies for which White had been convicted and the fact that he served at least one (1) year for each. He was first convicted on July 21, 1972, for burglary. He was later convicted of armed robbery on October 13, 1978.

White appeals from an order entered on January 31, 1996, by the Circuit Court of Harrison County, Kosta N. Viahos, Circuit Judge, presiding, dismissing as time-barred White's motion to vacate and/or correct his conviction and sentence as a recidivist filed in the lower court by White on January 19, 1996.

It is from the proceeding below that White brings this matter before this Court on appeal raising the following:

**I. WHETHER INVOCATION OF THE PLAIN ERROR RULE WILL DEFEAT APPLICATION OF A TIME BAR ACCORDING TO MISS. CODE ANN. §99-39-5(2).**

**II. WHETHER WHITE'S SENTENCE OF LIFE WITHOUT PAROLE UNDER § 99-19-83 MISS. CODE ANN. IS GROSSLY DISPROPORTIONATE TO THE OFFENSE WHICH WHITE PLEADED GUILTY AND, THUS, IS IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENT.**

**III. WHETHER WHITE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE OF COUNSEL'S FAILURE TO OBJECT TO SENTENCE AND TO THE DEFECTIVE PORTION OF THE HABITUAL INDICTMENT.**

**IV. WHETHER THE TRIAL COURT WAS WITHOUT AUTHORITY OF LAW TO SENTENCE WHITE TO LIFE IMPRISONMENT WITHOUT PAROLE AND ERRED IN FAILING TO CORRECT SENTENCE.**

**V. WHETHER THE TRIAL COURT HAD AUTHORITY TO SENTENCE WHITE UNDER §99-19-83 FOR THE CRIME OF BURGLARY WHICH CARRIED A MAXIMUM PENALTY OF SEVEN YEARS UNDER §97-17-19.**

## DISCUSSION OF THE ISSUES

I. WHETHER INVOCATION OF PLAIN ERROR RULE WILL DEFEAT THE APPLICATION OF A TIME BAR ACCORDING TO MISS. CODE ANN. §99-39-5(2).

According to the Post-Conviction Relief Act,

A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the supreme court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in the case of a guilty plea, within three (3) years after entry of the judgment of conviction.

Miss. Code Ann. § 99-39-5(2), see also *Lockett v. State*, 656 So.2d 68, 71 (Miss. 1995). In accordance with § 99-39-5(2), White had three (3) years from the date of his guilty plea, or until November 5, 1987, within which to file for post-conviction relief. This Court has demonstrated that this statute requires close adherence. *Luckett v. State*, 582 So.2d 428 (Miss. 1991).

White filed his PCR Application on January 19, 1996, almost nine years late. Therefore, unless White has demonstrated an exception to the statute of limitation, his PCR Motion is time barred. Although White does argue in his Motion that the *McNeal* case is an intervening decision that would have adversely affected the outcome of his sentence, White fails to note one major distinguishing fact in his case as compared to the defendant in the *McNeal* case. *Brandau v. State*, 662 So.2d 1051, 1053 (Miss. 1995). McNeal objected to the indictment at his original trial and in his direct appeal. *McNeal v. State*, 658 So.2d 1345 (Miss. 1995). White, on the other hand, failed to object to the form of the

indictment at his trial. Thus, the present case would follow the holding in *Brandau* which prohibits a defendant from objecting to the form of the indictment where he failed to raise it at trial or in his direct appeal. *Brandau*, 662 So.2d at 1053.

As the facts have indicated, White made a valid guilty plea. A valid guilty plea admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant such as White. *Brooks v. State*, 573 So.2d 1350, 1352 (Miss. 1990). Issues regarding form of the indictment are essentially procedural and susceptible of waiver if not timely preserved and presented on direct appeal. *Brooks*, 573 So.2d 1350, 1353. The deficiencies alleged by White are non-jurisdictional defects. They must be timely asserted or they will be deemed waived. Clearly, they may not be raised for the very first time in an application for post-conviction relief absent a showing of cause or actual prejudice. *Id.* Thus, White's belated attempt to raise the issue almost thirteen years after his guilty plea is simply too late. This claim for relief is time barred according to § 99-39-5(2).

Furthermore, Miss. Code Ann. § 99-7-21 provides that defects on the face of an indictment must be presented by way of demurrer. *Brandau* at 1054. Because the formal defect is curable by amendment, it follows that it is subject to waiver for the failure to demur to the indictment in accordance with this statute. *Id.* at 1055. Therefore, White waived any right to correct indictment by not demurring to the flawed indictment before trial.

> II. WHETHER WHITE'S SENTENCE OF LIFE WITHOUT PAROLE UNDER MISS. CODE ANN. § 99-19-83 IS GROSSLY DISPROPORTIONATE TO THE OFFENSE WHICH WHITE PLEADED GUILTY AND, THUS, IS IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENT.

"Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." *Hoops v. State*, 681 So.2d 521, 537 (Miss. 1996). "Further, the general rule in this state is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute." *Hoops*, 681 So.2d at 538. However, this Court will use the three-pronged analysis as set forth by the United States Supreme Court in *Solem v. Helm*, but only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of gross disproportionality. *Hoops*, 681 So.2d at 538. The three factors set out in *Solem* for courts to consider when conducting a proportionality analysis are:

> (a) gravity of the offense and the harshness of the penalty;

> (b) sentences imposed on other criminals in the same jurisdiction; and

> (c) sentences imposed for the commission of the same crime in different jurisdictions.

*Solem v. Helm*, 463 U.S. at 292, 103 S.Ct. at 3010.

In order to be sentenced to life imprisonment as an habitual offender under § 99-19-83, the individual must have committed two (2) prior felonies, one of which was violent, and must have been sentenced and served terms of at least one year on each of those prior felonies. Miss. Code Ann. § 99-19-83 (1994). In the present case, the record indicates that White was convicted of burglary on July 21,

1972; of armed robbery on October 13, 1978; and, most recently of burglary on November 5, 1984. Moreover, this Court has held that armed robbery is a crime of violence per se. *Ashley v. State*, 538 So.2d 1181, 1185 (Miss. 1989) citing *King v. State*, 527 So.2d 641, 646 (Miss. 1988). Thus, White would be classified as a habitual offender according § 99-19-83 and could receive a life sentence without parole. For crimes classifiable as felonies in which significant terms of imprisonment in the state penitentiary can be given, the length of the sentence actually imposed is purely a matter of legislative prerogative. *Hopson v. State*, 625 So.2d 395, 404 (Miss. 1993). Therefore, as long as the sentence is within the limits of the statute, the imposition of such sentence is within the sound discretion of the trial court and this Court will not reverse them. White was sentenced to life in prison without the possibility of parole under a valid recidivist statute. Thus, his sentence is proportionate under the three-prong analysis and is not violative of the Eighth Amendment.

### III. WHETHER WHITE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE OF COUNSEL'S FAILURE TO OBJECT TO SENTENCE AND TO THE ALLEGED DEFECTIVE PORTION OF THE HABITUAL INDICTMENT.

The standard of review for ineffective assistance of counsel is set out in *Strickland v. Washington*. "The test to be applied is (1) whether counsel's overall performance was deficient and (2) whether or not the deficient performance, if any, prejudiced the defense." *Taylor v. State*, 682 So.2d 359, 363 (Miss. 1996). The defendant has the burden of proving both prongs. *Taylor* at 363. "The adequacy of counsel's performance, as to its deficiency and prejudicial effect should be measured by a 'totality of the circumstances.'" *Id.* However, there is a strong, yet rebuttable, presumption that the actions by the defense counsel were reasonable and strategic. *Cole v. State*, 666 So.2d 767, 775 (Miss. 1995). "In short, defense counsel is presumed competent." *Foster v. State*, 687 So.2d 1124, 1130 (Miss. 1996), see also *Johnson v. State*, 476 So.2d 1195, 1204 (Miss. 1985).

In the present case, White's argument concerning counsel's failure to object to the life sentence without parole will not meet the two prong test of *Strickland*. The court had no choice but to follow the recidivist statute under which White qualified as an habitual offender. The sentence was within the sound discretion of the trial court and imposed in accordance with the statute. Failure to object to the imposition of the sentence under these circumstances does not amount to deficient performance and further, White has not shown prejudice. Thus, this claim should be denied on the merits.

White also asserts that counsel's failure to object to the allegedly defective indictment resulted in ineffective assistance of counsel. White believes that he was illegally charged as an habitual offender because the indictment did not conclude with the constitutionally- mandated words "against the peace and dignity of the State of Mississippi." White states that his indictment was similar in form to the indictment in the *McNeal* case, in that the language charging White as an habitual offender came after these words. *McNeal v. State*, 658 So.2d 1345, 1349 (Miss. 1995). Thus, White believes that he was not indicted as an habitual offender and could not be sentenced as such.

However, it appears that White's case is similar to that of the defendant in the *Earl* case where the defendant's indictment did contain a phrase to see an attachment which listed prior convictions. *Earl v. State*, 672 So.2d 1240, 1244 (Miss. 1996). This Court found such incorporation proper in *Earl* because it did effectively charge the defendant as an habitual offender before concluding with the phrase "against peace and dignity of the State of Mississippi." *Earl* at 1244. The present case is quite

similar to the *Earl* case in that it also contained a phrase in the indictment which demonstrated that the habitual offender charge was continued on to another page but was, none the less, concluded with the constitutionally-mandated words. This attachment listed a prior conviction and charged White as an habitual offender who should receive a sentence of life without parole. White's indictment is valid under the *Earl* decision. Therefore, counsel's failure to object to the indictment was not ineffective and as such this argument is denied on the merits.

### IV. WHETHER THE TRIAL COURT WAS WITHOUT AUTHORITY OF LAW TO SENTENCE WHITE TO LIFE WITHOUT PAROLE AND ERRED IN FAILING TO CORRECT SENTENCE.

White argues that the trial court had no authority to sentence him under Miss. Code Ann. § 99-19-83. White cites *Friday v. State*, 462 So.2d 336 (Miss. 1985) as controlling law in his case. In *Friday*, the petitioner was wrongfully sentenced to life imprisonment without parole under § 99-19-83. *Friday v. State*, 462 So.2d at 338. The petitioner argued that he should have been sentenced under § 99-19-81 which provides that every person convicted of a felony who had been convicted of two prior felonies in which he served at least one year for each crime shall be sentenced to the maximum term of imprisonment prescribed for such felony. *Friday* at 339. The petitioner successfully argued that the record did not indicate that he served imprisonment for the crimes of violence and he could not been sentenced under § 99-19-83. *Id.* In the present case, however, the indictment charged White as an habitual offender because of two (2) prior felonies he was convicted, one of which was a crime of violence. The trial court had the authority to impose a life sentence according to § 99-19-83 and was not in error. Therefore, this argument is without merit.

### V. THE TRIAL COURT HAD NO AUTHORITY TO SENTENCE WHITE UNDER MISS. CODE ANN. § 99-19-83 FOR THE CRIME OF BURGLARY WHICH CARRIED A MAXIMUM TERM OF SEVEN YEARS UNDER MISS. CODE ANN. § 97-17-19.

This is a restatement of the *McNeal* argument which states that the trial court could not sentence White under § 99-19-83. White argued that the indictment did not include the portion charging him as an habitual offender because it was not concluded with the words "against the peace and dignity of the State of Mississippi." The case of *Earl v. State* controls and renders the indictment valid and thus, White was properly charged as an habitual offender and properly given a sentence of life imprisonment without parole.

### CONCLUSION

Most importantly, White's claim for post-conviction relief was time barred according to Miss. Code Ann. § 99-39-5(2). White waited almost thirteen (13) years from the date of his conviction to file this motion. Therefore, all claims pertaining to the sufficiency of the indictment were barred and without merit.

There is no procedural bar on the issue of ineffective assistance of counsel. However, White has failed to meet the two-pronged *Strickland* test regarding his claims of ineffective assistance of counsel. Accordingly, his claims of ineffective assistance of counsel are without merit. This Court finds that the *Earl* decision properly applies to this case the prior 1972 conviction of burglary and the language charging White as an habitual offender are deemed to have been concluded with the words

"against the peace and dignity of the State of Mississippi."

The sentence given to White was within the limits of the habitual offender statute, the imposition of the sentence was within the sound discretion of the trial judge and, therefore, this Court will not reverse the decision.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, SMITH AND MILLS, JJ., CONCUR.**