IRVING, J.,
specially concurring:
¶23. The majority has dutifully followed existing precedent that compels the result reached in today’s case. However, I write separately to point out what I believe to be unintended consequences of Friday v. State, 462 So.2d 336 (Miss.1985), the case that established the precedent that requires this Court to reverse and remand today’s case for resentencing. I also believe that if our supreme court were deciding this case, it might clarify or overrule Friday.
¶ 24. Larry Carey, along with a code-fendant, was indicted for three counts of *376 armed robbery. The indictment was later amended to charge Carey as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007), which provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
¶ 25. Carey was tried by a jury and was found guilty of only one count. The trial judge did not instruct the jury to determine if Carey should be sentenced to life in the state penitentiary. The majority, relying upon Friday, finds that Carey’s life sentence must be reversed and the case remanded to the circuit court for resen-tencing. The majority also directs that the sentence, on remand, “be more than three years but reasonably less than life.”
¶ 26. I agree that Friday holds that a trial judge does not have the authority under section 99-19-81 to impose a life sentence on a habitual offender convicted of a crime which carries a conditional life sentence, i.e., a life sentence that can be imposed only if it is fixed by a jury. Specifically, our supreme court stated in Friday that “under [section] 99 — 19—81[,] the maximum term of imprisonment prescribed for the crime [of rape] for which the appellant was convicted is that sentence imposed by the trial judge, which must be reasonably less than life.” Friday, 462 So.2d at 339. A logical extension of this holding is that a criminal defendant who has committed two prior felonies may upon his third conviction of a serious crime, such as armed robbery, be sentenced to as few as three years for the third offense.[2] If the third offense is rape, the same defendant may be sentenced to less than a year in the state penitentiary.[3] Surely, our supreme court did not intend that a habitual offender could receive such light sentences. This seems particularly so in light of the Legislature’s enactment of the habitual offender statutes[4] to provide enhanced punishment for repeat offenders. In the examples discussed above, the habitual offender would receive no enhancement in sentencing. The net effect would be that the habitual offender statutes would be rendered meaningless. The holding in today’s case illustrates my point. On remand the trial judge, if he chooses to, can sentence Carey, a habitual offender,[5] to three years in the penitentiary, and that sentence would comport with what appears to be the holding in Friday.
¶ 27. In Friday, Justice Hawkins dissented from the portion of the majority opinion which found that Friday could not be sentenced by the trial judge to life imprisonment. Justice Hawkins, in my judgment, correctly noted that although *377 Friday was indicted and convicted under Mississippi Code Annotated section 97-3-65, he was not sentenced under said statute because he was a habitual offender. Justice Hawkins stated:
In holding that even though Miss.Code Ann. § 99-19-81 requires the maximum sentence authorized by Miss.Code Ann. § 97-3-65, but a circuit judge cannot impose the life sentence, here is what we do: we require the circuit judge to impose the maximum sentence he could impose under § 97-3-65 when the jury does not prescribe the punishment.
[[Image here]]
I do not see how Miss.Code Ann. § 99-19-81 can ever be enforced under our present holding when there has been a dual conviction of a statute [sic] such as Miss.Code Ann. § 97-3-65 and as a habitual offender under Miss.Code Ann. § 99-19-81. I believe Miss.Code Ann. § 99-19-81 was enacted to give certainty in sentencing.
The present opinion in [sic] these unusual statutes[,] such as Miss.Code Ann. § 97 — 3—65[,] to a degree weakens [sic] Miss.Code Ann. § 99-19-81.
Friday, 462 So.2d at 340 (Hawkins, J., dissenting).
¶ 28. I agree with Justice Hawkins and point out additionally that the Friday decision can also compel unequal punishment among habitual offenders who commit the same crime. Under Friday, a defendant who is charged and convicted of rape as a habitual offender will be sentenced to life if the jury so finds. Another defendant charged and convicted of rape as a habitual offender may be sentenced to less than a year in the penitentiary simply because the jury could not agree that he should be sentenced to life. While non-habitual offenders charged and convicted of rape may receive disparate sentences depending upon what the jury does, that, in my judgment, does not justify treating habitual offenders the same. The rationale for allowing the jury to fix punishment at life imprisonment is grounded in the notion that some rapes and armed robberies are more egregious than others and that a jury that hears the sordid facts ought to pass judgment not only on the defendant’s g-uilt or innocence, but also on his sentence as well. In the case of habitual offenders, it is their past criminal conduct, which has been clearly established as a burden on society, that warrants giving the offender a harsher sentence. Whether the offender gets the harsher sentence should not be left to either the province of the jury or the discretion of the sentencing judge, because the Legislature has already determined and mandated that the offender receive the harsher sentence. It seems to me that the holding in Friday undercuts the authority of the Legislature with respect to the sentencing scheme for habitual offenders. Nevertheless, since I am duty bound to follow existing precedent, I specially concur with the majority opinion, leaving to our supreme court the decision as to whether Friday should be revisited.
LEE, P.J., CHANDLER, GRIFFIS and ROBERTS, JJ., join this Opinion.

. See Miss.Code Ann. § 97-3-79 (Rev.2006) (setting the maximum penalty for robbery at any term not less than three (3) years, if the jury fails to fix the penalty at life imprisonment).

. See Miss.Code Ann. § 97-3-65 (Rev.2006) (setting the maximum penalty for rape at any term as the court, in its discretion, may determine, if the jury fails to fix the penalty at life imprisonment).

. Mississippi Code Annotated sections 99 — 19— 81 and 99-19-83 (Rev.2007).

. The record reflects that Carey has three prior convictions for the sale of cocaine.