KITCHENS, Justice,
dissenting:
¶ 14. I fully concur with the well-reasoned dissent authored by Justice King. Nevertheless, the gravity of the majority’s decision today constrains me to write, inasmuch as Charles Bester was sentenced to, and is serving, an illegal sentence that the trial court lacked the authority to impose •upon him. I, therefore, respectfully dissent. ‘
‘ ¶ 15. Mississippi Code Section 97-3-65(4)(a) (Rev.2014) provides that:
Every person who shall have forcible sexual intercourse with any person ... upon conviction, shall be imprisoned for life in the State Penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment, the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine.
Miss.Code Ann. § 97-3-65(4)(a) (Rev.2014) (emphasis added).
¶ 16. Today’s majority, which purportedly returns this Court’s jurisprudence to a “plain language” interpretation of Section 97-3-65(4)(a), omits from ’consideration the .clauses'which qualify the trial court’s discretion to fix the. penalty “for any term.” Here, no jury prescribed a sentence.of life imprisonment for Bester. •In truth, no jury prescribed, or . failed to prescribe, any penalty, as Bester pled guilty to forcible rape. The statute’s plain language predicates the trial court’s consideration of a life sentence upon- a jury’s failure “to-fix the penalty at life imprisonment.” This Court specifically has held that “[a] defendant convicted under this statute may not be sentenced to life imprisonment unless the jury fixes the penalty at life imprisonment.” Luckett v. State, 582 So.2d 428, 430 (Miss.1991), overruled on other grounds by Rowland v. State, 42 So.3d 503 (Miss.2010). The majority’s statement that “[t]he Legislature chose not to limit a trial judge’s sentencing options,” is not a faithful representation of the totality of the statutory language, which explicitly limits the trial court’s consideration of imprisonment “for any term” to “cases where the jury fails to fix the penalty at life imprisonment.” Maj. Op. 1110. The trial court lacked authority to sentence Bester to imprisonment “for any term” because no jury had failed “to fix the penalty at life imprisonment.” In fact, no jury had done or failed to do anything at all concerning Bester’s sentence.
*531 ¶ 17. Additionally, a life sentence is not a “term.” A “term” has an easily defined beginning and ending. A life sentence has an indeterminate ending not capable of human calculation. Only God can tell how long a' life sentence will be. ’ It is not a term, for a term must terminate at some predetermined point in time. “The statute presupposes, absent a jury recommendation of- life imprisonment, that the judge will sentence the defendant to a definite term reasonably expected to be less than life.” Lee v. State, 322 So.2d 751, 753 (Miss.1975) (emphasis added); Stewart v. State, 372 So.2d 257, 259 (Miss.1979) (In context of armed-robbery statute, the sentencing authority of the trial judge limited to a “definite term reasonably expected'to be less than life.”) This Court consistently has distinguished “life imprisonment” from “term” for nearly forty years:
The standard established in Stewart- and Lee has been consistently applied for almost four decades to both armed-robbery and forcible-rape statutes. See Johnson v. State, 29 So.3d 738, 744 (Miss.2009); Cannon v. State, 919 So.2d 913, 916 (Miss.2005); Foley v. State, 914 So.2d 677, 692 (Miss.2005); Cox v. State, 793 So.2d 591, 599 (Miss.2001); Lawson v. State, 748 So.2d 96, 99 (Miss.1999); Lindsay v. State, 720 So.2d 182, 185 (Miss.1998); Kennedy v. State, 626 So.2d 103, 105 (Miss.1993); Luckett v. State, 582 So.2d 428, 430 (Miss.1991) (overruled on other grounds); Mitchell v. State, 561 So.2d 1037, 1038 (Miss.1990); Erwin v. State, 557 So.2d 799, 801 (Miss.1990); Evans v. State, 547 So.2d 38, 40 (Miss.1989); Watkins v. State, 500 So.2d 462, 463 (Miss.1987); Davis v. State, 477 So.2d 223, 224 (Miss.1985); Cunningham v. State, 467 So.2d 902, 906 (Miss.1985); Harper v. State, 463 So.2d 1036, 1041 (Miss.1985); Friday v. State, 462 So.2d 336, 339 (Miss.1985); Warren v. State, 456 So.2d 735, 738-39 (Miss.1984); Ware v. State, 410 So.2d 1330, 1332 (Miss.1982); Hickombottom v. State, 409 So.2d 1337, 1340 (Miss.1982); Henderson v. State, 402 So.2d 325, 328 (Miss.1981); Wilson v. State, 390 So.2d 575, 580 (Miss.1980); Parker v. State, 367 So.2d 456, 458 (Miss.1979).
Hampton v. State, 148 So.3d 992, 1010-11 (Miss.2014) (Chandler, J., dissenting).
¶ 18.' Many federal-courts take a similar approach:
Multiple circuits ... .consistently have concluded in various similar contexts that only a jury has the authority to impose a life sentence and that the judge can impose a sentence for a term of years less than life. See United States v. Tocco, 135 F.3d 116 (2d Cir.1998), cert. denied, 523 U.S. 1096, 118 S.Ct. 1581, 140 L.Ed.2d 795 (1998); United States v. Gullett, 75 F.3d 941 (4th Cir.), cert. denied, 519 U.S. 847, 117 S.Ct. 134, 136 L.Ed.2d 83 (1996); United States v. Hansen, 755 F.2d 629 (8th Cir.1985); U.S. v. Grimes, 142 F.3d 1342, 1352 (11th Cir.1998).
Hampton, 148 So.3d at 1012 (Chandler, J., dissenting). See U.S. v. Williams, 775 F.2d 1295, 1299 (5th Cir.1985) (Pursuant to the “clear meaning” of the federal statute fixing the punishment for malicious destruction of a building used in interstate commerce, “Williams may be sentenced by the district court only to ‘any term. of years’ and. not to life imprisonment in the absence of a jury recommendation.... To include life imprisonment within the phrase ‘any term of years’ is contrary to the unambiguous statutory language. Absent the recommendation of the jury, this sentence was improper and must be vacated and the cause remanded to the district court for resentencing.”)
*532 ¶ 19. In dispensing with four decades of this Court’s interpretation of the phrase “for any term,” the majority attempts to circumvent the doctrine of stare decisis: “[w]e think it pernicious, i.e., harmful, for this Court to continue to exceed its constitutional authority by judicially amending Section 97-3-65(4)(a) and limiting a judge’s sentencing authority as established by the legislature.” Maj. Op. ¶ 8. Again, the statute predicates the trial court’s consideration of the sentence, which the statute limits to a “term,” upon the jury’s rejection of a life sentence. As troubled as this Court may be by the statute’s perceived unconstitutional lenience in sentencing rapists and armed robbers,'today the Court itself acts unconstitutionally by overruling an interpretation of the statute that has been as consistently ratified by the legislature as it has been consistently applied by this Court. See Caves v. Yarbrough, 991 So.2d 142, 153 (Miss.2008).
¶20. I cannot sanction such a departure from decades of this Court’s well-established jurisprudence and I join Justice King in repudiating the majority’s decision.
WALLER, C.J., AND KING, J., JOIN THIS OPINION.